Charles Edward HORTON *v.* STATE of Arkansas

CR 77-75                                           555 S.W. 2d 226

Opinion delivered September 19, 1977
(Division II)

*McArthur & Johnson, P.A.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Horton contends that his conviction of possession of heroin should be reversed because the material identified as heroin in the evidence was unlawfully seized and because of insufficiency of the evidence to show his possession. We find no reversible error and affirm.

Appellant contends that the seizure of the heroin was unlawful and that it should have been excluded from evidence because it was discovered by the officers through a warrantless search made prior to appellant's arrest. The testimony discloses, however, that the participating officers had probable cause, both for the arrest of Horton and for the search of the automobile on the day of Horton's arrest. Detective Johnny Mack had information from a confidential informant whose information had led to approximately eight arrests and six convictions. The informant, in a telephone conversation that took place on Friday, September 26, 1975, at 6:55 p.m., told Mack that Horton had a matchbox containing 20 papers of heroin and that he was sitting in an automobile (which the informant described as a 1973 Buick Riviera with a black top over a tangerine body) at the Charles Mini-Mart at Wright Avenue and Wolfe Street. The informant said that Horton would not be at the described location for more than a few minutes. Mack testified that, because of the mobility of the automobile and Horton's ability to leave within two or three minutes, he felt that the officers should go to Wright Avenue and Wolfe Street with "expedi-

ence" and that there was not time to obtain a search warrant. Three of four minutes after the telephone call the officers arrived at the location given them, where they sighted a parked 1973 Buick Riviera that was tangerine (or orange) in color with a dark vinyl top. It was occupied by Horton and Gussie Dean, a female who was a known drug addict with a record of drug charges. Horton was sitting under the steering wheel. The officers identified themselves and asked Horton to step out of the car. When Horton did so, Mack observed that Horton had been sitting on a matchbox. The box was retrieved by Detective Isom, who opened it and found 19 tinfoil packets of a brown powdery substance, which later chemical tests showed to be heroin. Although Horton related a different sequence of events after the officers arrived, we must view the evidence in the light most favorable to the state. *Williams* v. *State,* 258 Ark. 207, 523 S.W. 2d 377.

Since the reliability of the informer was established, the officers had probable cause, both for Horton's arrest and for the search. Warrantless searches of an automobile by officers who have reason to believe they contain contraband have long been upheld. See *Perez* v. *State,* 260 Ark. 438, 541 S.W. 2d 915. Warrantless automobile searches are justified in circumstances in which a warrantless search in other contexts would be unreasonable sometimes because the inherent mobility of an automobile often makes obtaining a judicial warrant impracticable and sometimes because of the diminished expectation of privacy which surrounds the automobile. See *United States* v. *Chadwick,* 433 U.S. 1, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977); *Perez* v. *State,* supra.

Although the officers testified that Horton was not under arrest when he stepped out of the car, the arrest and search were substantially contemporaneous, since there was probable cause for the arrest independent of the search. *Jones* v. *State,* 246 Ark. 1057, 441 S.W. 2d 458. See also, *Ker* v. *California,* 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726 (1963); *Knight* v. *State,* 171 Ark. 882, 286 S.W. 1013; *McDonald* v. *State,* 501 F. 2d 385, cert. den. 419 U.S. 1004, 95 S. Ct. 325, 42 L. Ed. 2d 280 (1974).

Since there was probable cause for the arrest and the search at the time the officers arrived on the scene where they found Horton, the exigent circumstances justified the warrantless search, either under the "automobile exception" or as incidental to a lawful arrest. Furthermore, the matchbox came into plain view of the officers when Horton got out of the automobile. See *Kelley* v. *State,* 261 Ark. 31, 545 S.W. 2d 919; *U.S.* v. *Riggs,* 474 F. 2d 699 (2 Cir., 1973), cert. den. 414 U.S. 820, 94 S. Ct. 115, 38 L. Ed. 2d 53.

Appellant also contends that the evidence was insufficient to show that he, not the known addict who was in the automobile, was the possessor of the heroin. The evidence discloses that the matchbox containing the substance was found in Horton's automobile. Detective Mack said that Horton had been sitting on the matchbox. Thus, the judge had a basis for finding against appellant on the evidence. In his testimony, Horton denied possession and implied that Gussie Dean must have been the possessor. The question was one of credibility and weight to be given to the testimony which is for the trier of fact. *Clark* v. *State,* 246 Ark. 1151, 442 S.W. 2d 225. It was resolved against appellant by the circuit judge, who sat without a jury.

The judgment is affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.