Michael Steven CRAIL *v.* STATE of Arkansas

CR 91-287                                    827 S.W.2d 157

Supreme Court of Arkansas
Opinion delivered April 6, 1992

*Steven D. Oliver*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Michael Steven Crail, was convicted of possession of marijuana, fleeing, resisting arrest, and possession of drug paraphernalia. He contends the paraphernalia charge should have been dismissed due to vagueness of the law. He also argues he was illegally detained and arrested without probable cause and that evidence thus obtained should have been suppressed and his conviction of fleeing should be dismissed. We hold the drug paraphernalia law is not unconstitutionally vague. We also hold that the initial detention and subsequent arrest of Crail were not unlawful. Thus we find no error in admitting the evidence obtained as a result of the detention and arrest, and we have no reason to dismiss the fleeing charge. He does not challenge the resisting arrest conviction.

Crail was a passenger in a vehicle which was stopped at a field sobriety checkpoint in Montgomery County. As officers approached the vehicle they noticed the odor of marijuana coming from a car window. Office Black testified he observed Crail attempting to hide two hand-rolled cigarettes under his leg and ordered him from the car. As Crail got out of the car, he stuffed the contents of his hand in his mouth and swallowed.

Officer Black placed Crail under arrest and began taking him to a patrol car. Crail jerked loose and ran but was caught and subdued. Black then searched Crail for weapons and found a bag of marijuana. Crail was again searched at the Montgomery County Jail, and a small white pipe was retrieved from his right rear pocket. The pipe was sent to the State Crime Laboratory where it was found to have been used to smoke marijuana.

### 1. Paraphernalia

Crail moved to dismiss the paraphernalia possession charge, asserting an inconsistency between the law which characterizes possession of a small quantity of marijuana (first offense) as a misdemeanor, Ark. Code Ann. § 5-64-401(c) (Supp. 1991), and possession of an otherwise legal pipe as a felony, Ark. Code Ann. § 5-64-403(c)(1) (1987). He contended generally that the inconsistency constituted a violation of his rights to equal protection of the laws and due process of law, and more specifically that it violated the prohibition against vagueness.

He pursues his void for vagueness argument here, citing *Grayned* v. *City of Rockford*, 408 U.S. 104 (1972); *Winters* v. *New York*, 333 U.S. 507 (1948); *Connally* v. *General Construction Co.*, 269 U.S. 385 (1926); and *Garner* v. *White*, 726 F.2d 1274 (8th Cir. 1984). He contends the General Assembly's inconsistency in assessing the seriousness of these offenses has sent a mixed message to the public.

We have previously held the paraphernalia statute is not vague. In *Moore* v. *State*, 297 Ark. 296, 761 S.W.2d 894 (1988), the appellants argued that the term "paraphernalia" as used in Ark. Code Ann. § 5-64-101(12) (Supp. 1991) was vague. We explained that the detailed definitions found in the Statute give adequate notice of conduct constituting the offense.

The cases cited approach the vagueness problem by looking

to the language of a challenged statute and considering whether a challenged part is subject to a variety of interpretations thus failing to give fair notice of prohibited conduct. Crail does not challenge any part of our Statute. He argues that, while he knew that possession of a small quantity of marijuana was prohibited, he also knew that the consequences for violation of that prohibition were not serious. He did not know, however, that possession of a pipe used to smoke marijuana had more serious consequences. This is the inconsistency which he asserts renders the statutory scheme vague.

Crail cites nothing in support of his conclusion that the Statutes interrelate so as to create confusion. There is no assertion that, standing alone, either Statute is vague. Each adequately describes that which is prohibited. Nor does Crail assert that Ark. Code Ann. § 5-64-403 (1987), which provides the penalties associated with violation of the prohibitions, fails to advise one of the consequences. There is no vagueness here. Crail's failure to understand the consequences of possessing the pipe is attributable to his ignorance of the law. That is no excuse, *Michalek* v. *Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1987); *Woods* v. *Lockhart*, 292 Ark. 37, 727 S.W.2d 849 (1987), and the challenge to the statutory scheme is without merit.

### 2. Stop and arrest

Crail argues the search was the result of an unlawful, warrantless arrest, thus the contraband seized as a result should have been suppressed. His argument is that the smell of marijuana was not probable cause to make an arrest. In reviewing the trial court's denial of a motion to suppress evidence, we make an independent examination based upon the totality of the circumstances and reverse only if the decision is clearly against the preponderance of the evidence. The facts are viewed in the light most favorable to the State. *Ryan* v. *State*, 303 Ark. 595, 798 S.W.2d 679 (1990).

The car in which Crail was riding was stopped at a checkpoint which had been set up to stop all vehicles to examine for intoxicated drivers. The checkpoint detention was not a constitutional violation. *Michigan Department of State Police* v. *Sitz*, 110 S.Ct. 2481 (1990). When Black asked Crail to come out of the car, and Crail would not identify the objects in his hand but

ate them, Black had reasonable cause to suspect the substance was marijuana. Probable cause for a warrantless arrest exists when the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person to be arrested, *Roderick v. State*, 288 Ark. 360, 705 S.W.2d 433 (1986). There thus seems to be little merit in the assertion that there was not reasonable cause for the detention and search.

■ Arkansas R. Crim. P. 4.1(a)(iii) provides "a law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed any violation of the law in the officer's presence." Misdemeanor possession is a violation of the law, and the action took place in the presence of the officer. Rule 4.1(c) provides "an arrest shall not be deemed to have been made on insufficient cause . . . solely on the ground that the officer . . . is unable to determine the particular offense which may have been committed." Even if the officer didn't know exactly what Crail ate, he had reasonable cause to suspect it was a prohibited substance. There was cause for the detention, arrest, and search.

### 3. Fleeing

Crail argues the fleeing charge was the fruit of unlawful detention. As we have concluded the detention was not unlawful, there is no need to discuss the argument.

Affirmed.