Michael D. HUDSON *v.* STATE of Arkansas

CR 93-1132                                    872 S.W.2d 68

Supreme Court of Arkansas
Opinion delivered March 21, 1994

*Callahan, Bachelor, Newell & Oliver*, by: *Steven D. Oliver*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Michael D. Hudson, was sentenced to a cumulative term of imprisonment of thirty-two years for the offenses, committed as a habitual offender, of possession of a controlled substance with intent to deliver and possession of drug paraphernalia. He raises a single point for reversal, arguing that the trial court erred in denying his motion to suppress evidence seized as a result of an unlawful traffic stop and arrest. Finding no merit in his claim, we accordingly affirm the judgment of the circuit court.

During the first week of February 1993, Officer Richard W. Wiggins of the South Central Drug Task Force received three reports from confidential informants on activities of the appellant, Michael D. Hudson. On February 1, 1993, an informant advised Officer Wiggins that Hudson had been seen with a quantity of Lysergic Acid Diethylamide (LSD) and a clear plastic bag of marijuana in his possession at the Arkadelphia house shared by Hudson and Kathleen Freeman. An informant notified Officer Wiggins on February 4, 1993, that Hudson had sold the informant a quantity of LSD, the identification of which was presumptively confirmed through a field test.

On February 6, 1993, Officer Wiggins received information from a confidential informant that the informant had just observed Hudson and another person at the Arkadelphia residence of David Pennington in possession of marijuana and in the act of pro-

cessing and packaging the controlled substance for sale in "quarter bags." The informant also advised the Task Force officer that Hudson was in possession of cocaine and that he would be traveling in a two-door 1977 Buick Electra. Approximately one hour later, Officer Wiggins and other law enforcement officers, acting upon the information received, stopped an orange 1977 Buick Electra in Arkadelphia and immediately arrested Hudson.

Four bags of marijuana were found stuffed inside the waistband of Hudson's pants, and a cigarette package in Hudson's jacket pocket, containing two hand-rolled cigarettes which proved to be marijuana, was also seized. In the vehicle, officers discovered a set of hand scales, a box of zip-lock plastic bags, a package of cigarette rolling papers, a box of .38-caliber ammunition, and a box of .25 caliber ammunition.

Hudson was charged by information with possession of a controlled substance (marijuana) with intent to deliver in violation of Ark. Code Ann. § 5-64-401 (Repl. 1993), possession of drug paraphernalia in violation of Ark. Code Ann. § 5-64-403 (Repl. 1993), and being a habitual offender with seven prior convictions in violation of Ark. Code Ann. § 5-4-501 (Repl. 1993). On May 12, 1993, Hudson filed a motion to suppress evidence taken from his person and from the car he was driving, a motion to suppress evidence seized at Freeman's residence, a motion to dismiss for lack of probable cause to arrest, and a motion to compel disclosure of confidential informant. The circuit court denied all the motions, and Hudson was tried by a jury and convicted on all charges on June 18, 1993.

On appeal, Hudson contends that the trial court erred in denying his motions to suppress evidence seized as a result of his arrest following an illegal "traffic stop." He asserts that the first motion to suppress was cast in the form of a motion to dismiss for lack of probable cause to arrest and that the second motion was predicated on the lack of probable cause for a warrantless search following the "traffic stop."

■ Hudson focuses upon the criteria for warrantless arrests and vehicular searches set forth in Ark. R. Crim. P. 4.1 and 14.1. Under Ark. R. Crim. P. 4.1:

(a) A law enforcement officer may arrest a person

without a warrant if the officer has reasonable cause to believe that such person has committed

(i) a felony. . . .

Rule 14.1 provides, in pertinent part:

(a) An officer who has reasonable cause to believe that a moving or readily movable vehicle is or contains things subject to seizure may, without a search warrant, stop, detain, and search the vehicle and may seize things subject to seizure discovered in the course where the vehicle is:

(i) on a public way or waters or other area open to the public. . . .

The same standards govern reasonable (that is to say, probable) cause determinations, whether the question is the validity of an arrest or the validity of a search and seizure. *Perez* v. *State*, 260 Ark. 438, 541 S.W.2d 915 (1976). Because the arrest and the search in the present case were based on the same information supplied to the South Central Drug Task Force, we consider the two occurrences together.

■ The principal law enforcement officer involved in the arrest was Richard Wiggins, who testified at the hearing held on the motion to suppress evidence that he had received information from two confidential informants that Hudson "had been dealing drugs in Arkadelphia." On February 6, 1993, the day of the arrest, one of the informants notified Officer Wiggins that Hudson had been processing and packaging marijuana at another person's house and that he had cocaine in his possession and was traveling in a 1977 Buick Electra in the Arkadelphia area. The informant identified the vehicle's tag number.

Officer Wiggins stated that the informant who had furnished the information on February 6 had previously provided him with information that resulted in at least a dozen cases and had worked with the Arkansas State Police on "hundreds" of cases. He described the informant as "[v]ery reliable and trustworthy." According to Officer Wiggins, he and the other officers acted immediately to effect the arrest of Hudson as they were "hoping to catch the drugs on him before they hit the streets." The offi-

cers performed what is known as a "felony stop," with lights and sirens on, guns drawn, and handcuffs ready. Subsequently, Officer Wiggins prepared an affidavit for a search warrant to be executed at Hudson's Arkadelphia residence based on information received prior to the arrest.

Despite the fact that no cocaine was found in the car or on Hudson's person or at Hudson's and Freeman's residence, Officer Wiggins maintained that he believed the information was reliable. "I just don't know what happened to the drugs [*i.e.*, the cocaine] in between the time I received the call and he was stopped," the Task Force officer explained. An hour had elapsed from the time Officer Wiggins received the information that Hudson was traveling with cocaine in an automobile until the felony stop was made. It is conceivable that, during that period, Hudson might have had the opportunity to dispose of the cocaine in some fashion. Both the suspect, who was arrested, and his vehicle, which was searched, were mobile in the critical hour following Officer Wiggins's receipt of the informant's report. And, more to the point, at the time his car was stopped, Hudson was found in possession of a controlled substance, namely marijuana.

■■ As Ark. R. Crim. P. 4.1 states, and as we have often held, a law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that person has committed a felony. *Chism* v. *State*, 312 Ark. 559, 853 S.W.2d 255 (1993). Reasonable, or probable, cause for a warrantless arrest exists when the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person to be arrested. *Crail* v. *State*, 309 Ark. 120, 827 S.W.2d 157 (1992); *Burks* v. *State*, 293 Ark. 374, 738 S.W.2d 399 (1987); *Roderick* v. *State*, 288 Ark. 360, 705 S.W.2d 433 (1986). Probable cause to arrest without a warrant does not require the degree of proof sufficient to sustain a conviction. *Chism* v. *State, supra.*

■■ On appeal from a trial court's ruling on a motion to suppress evidence, this Court makes an independent determination based on the totality of the circumstances and reverses only if the trial court's ruling was clearly against the preponderance of the evidence. *State* v. *Blevins*, 304 Ark. 388, 802 S.W.2d 465 (1991); *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). All

presumptions are favorable to the trial court's ruling on the legality of the arrest, and the burden is on the appellant to demonstrate error. *Friend* v. *State*, 315 Ark. 143, 865 S.W.2d 275 (1993); *Munnerlyn* v. *State*, 292 Ark. 467, 730 S.W.2d 895 (1987). The determination of probable cause is to be based on the factual and practical considerations of everyday life upon which reasonable and prudent persons, as opposed to legal technicians, act. *Hines* v. *State*, 289 Ark. 50, 709 S.W.2d 65 (1986). In assessing the existence of probable cause, our review is liberal rather than strict. *Id.*

Taking a broad and practical view of the totality of the circumstances, we hold that Officer Wiggins had, under the terms of Ark. R. Crim. P. 4.1, reasonable cause to believe that Hudson, at the time of his arrest, had committed a felony. The confidential informant had reported that, a short time before, Hudson and another person had been processing and packaging marijuana and that Hudson had departed in his car with cocaine in his possession. Earlier information, provided on February 1 and 4, 1993, indicated that Hudson was engaged in drug trafficking. Officer Wiggins emphasized the consistent reliability of the informant whose report led directly to the arrest and contemporaneous search on February 6, 1993. Under Ark. R. Crim. P. 14.1, the law enforcement officers had reasonable cause to believe that the automobile which had been identified by the informant contained items subject to seizure without a warrant.

We hold that the trial court did not err in refusing to grant the motions to suppress the evidence taken from Hudson's person and his vehicle.

Affirmed.

CORBIN, J., not participating.