Larry Dale BAXTER *v.* STATE of Arkansas

CR 93-1098                                    922 S.W.2d 682

Supreme Court of Arkansas
Opinion delivered May 20, 1996
[Petition for rehearing denied June 24, 1996.*]

---

*DUDLEY, J., not participating.

*A. Wayne Davis*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Larry Baxter was charged with possession of a controlled substance with intent to deliver, criminal conspiracy to deliver a controlled substance, and with being a habitual offender. A jury found Baxter guilty of the criminal conspiracy charge, and he was sentenced as a habitual offender to fifty years' imprisonment.

Baxter first argues his conviction should be overturned because his arrest was illegal and his statements given law enforcement officers were poisonous fruits of the unlawful arrest and should have been suppressed by the trial court. *See Wong Sun v. United States*, 371 U.S. 471 (1963).

In reviewing the trial court's denial of a suppression motion, this court makes an independent examination based on the totality of the circumstances, and reverses only if the trial court's ruling was clearly against the preponderance of the evidence. *Hudson v. State*, 316 Ark. 360, 872 S.W.2d 68 (1994). All presumptions are favorable to the trial court's ruling on the legality of the arrest, and the burden is on the appellant to demonstrate error. *Id.* In assessing the existence of probable cause, our review is liberal rather than strict, and is guided by the rule that probable cause to arrest without a warrant does not require the degree of proof sufficient to sustain a conviction. *Id.* And finally, we must look to the officers' knowledge at the moment of arrest to determine whether probable cause exists. *Friend v. State*, 315 Ark. 143, 865 S.W.2d 275 (1993).

Under Ark. R. Crim. P. 4.1, a law enforcement officer may arrest a person without a warrant if the officer has reasonable cause

to believe that person has committed a felony. In the present case, an informant told Officer Mike Davis that William Mumford would be returning to Little Rock from Texas on the evening of January 29, 1992, with a quantity of cocaine in his vehicle. Davis and other officers set up surveillance at Mumford's residence, and when Mumford arrived, the officers confronted him with the information they had received. After advising Mumford of his rights, Mumford admitted he was carrying cocaine, and the officers found three ounces in his car.

The same informant who had told the officers about Mumford also related that Mumford and Baxter had sold cocaine at a nightclub located in a certain Little Rock shopping center. Upon the officers' relating that information to Mumford, Mumford admitted he and Baxter had been involved in the purchasing of cocaine from a Texas man named Chip Diffenbacher. Mumford said that he had purchased the cocaine for Baxter, and had paid $800.00 an ounce.

On the same evening of his arrest, Mumford agreed to call Baxter, and in doing so, Mumford arranged to meet Baxter at the Little Rock shopping center where the two had allegedly sold cocaine. Prior to meeting Baxter, Mumford was wired with a microphone, but the microphone only conveyed static during Mumford's meeting and conversation with Baxter. The officers arrested Baxter after Baxter acquired some plastic sandwich bags at a K-Mart store, and, with Mumford, had entered a video store in the center. Although later denied by Baxter, the officers testified that, both before and after his arrest, Baxter expressed he wanted to turn state's evidence and provide information on cocaine trafficking between Texas and Little Rock. Baxter stated that, while he knew why he was being arrested, he could not be charged because he had not picked up any cocaine. Baxter later provided names of persons who were selling cocaine in the Little Rock area, and admitted that he and Mumford had worked together since 1990. He said that he and Mumford would pick up cocaine in Texas from Chip Diffenbacher, but Mumford had picked up most of the cocaine. These were the statements Baxter sought to suppress.

Taking a liberal view of the circumstances in this case and giving all favorable presumptions to the trial court's ruling on the legality of Baxter's arrest, we hold the officers had, under the terms of Ark. R. Crim. P. 4.1, reasonable cause to believe that, at the time of his arrest, Baxter had committed a felony. The officers had

informant information implicating both Mumford and Baxter in the trafficking of cocaine. Acting on that information, the officers arrested Mumford, who then admitted to all the allegations that had been made by the informant, including Mumford's having worked with Baxter in the purchase and sale of cocaine.

Armed with what proved to be recent, trustworthy information from an informant plus Mumford's statements, the officers asked Mumford to contact and arrange a meeting with Baxter. Mumford had no problem doing so, and in fact, Baxter met with Mumford the day after Mumford returned from Texas. We conclude these facts and circumstances were trustworthy and sufficient enough to permit a person of reasonable caution to believe Baxter and Mumford had worked together in the trafficking of drugs. *See Hudson* v. *State*, 316 Ark. 360, 872 S.W.2d 68 (1994); *Friend* v. *State*, 315 Ark. 143, 865 S.W.2d 275 (1993). Consequently, we uphold the trial court's ruling denying Baxter's suppression motion.

In his second point for reversal, Baxter argues his conviction for conspiracy to possess cocaine with intent to deliver is not supported by sufficient evidence. The state points out that Baxter failed to preserve this issue for review. We must agree.

At the end of the state's case, Baxter moved for a directed verdict. Defense counsel stated as follows:

> "Your Honor, at this time, I want to renew all previous motions I've made. In particular, I want to also move for a directed verdict of acquittal, particularly as to — number one, as to count one. You've now heard the testimony of Mr. Mumford and this — we've got two counts: count one, possession with intent to deliver, and then we have count two is the conspiracy."

Counsel then argued the first count. If there was any doubt as to what defense counsel intended to encompass within his directed verdict motion, that doubt was resolved by his cautionary remarks to the trial court, "Your Honor, they've (the state) got the conspiracy case. Let's go — let's keep this case clean and go to the jury on a conspiracy. . . ."

We note that, at the close of all evidence, Baxter did move for a directed verdict on the conspiracy count, but this court

has held that, to preserve the sufficiency of evidence issue, Baxter was required to move for a directed verdict at both the close of the state's case and at the end of the whole case. *Hayes* v. *State*, 312 Ark. 349, 849 S.W.2d 501 (1993). This court has stated that the movant of a directed-verdict motion must apprise the trial court of the specific basis on which the motion is made. *Stewart* v. *State*, 320 Ark. 75, 894 S.W.2d 930 (1995). Here, Baxter failed to include the conspiracy count in his directed verdict motion at the close of the state's case, and his attempt to include that basis at the end of all evidence was untimely.

Baxter's next argument is that the trial court erred in allowing the enhancement of his sentence under the Habitual Offenders Act, Ark. Code Ann. § § 5-4-501-504 (1987 and Supp. 1995). He asserts his two prior criminal cases were expunged under Act 346 of 1975, and because no adjudication of guilt is had under that Act, his two prior cases should not have been for enhancement purposes. Under § 5-4-501, a defendant who has previously been *convicted* or *found guilty* of other felonies may have his sentence enhanced upon conviction.

Baxter's argument is meritless because the record reflects he was found guilty by a jury to the crimes of aggravated robbery and theft. He was sentenced to terms of imprisonment of five and three years respectively. In addition, the record shows that, after his adjudication of guilt, the trial court entered a conviction judgment committing Baxter to the Arkansas Department of Correction. After Baxter completed his sentence and was discharged by the Board of Pardons and Paroles, the trial court then entered an order expunging his conviction and sealed the robbery and theft crimes, making them only available to law enforcement and judicial officials.

Although Baxter points to the earlier judgment of convictions which notes he was sentenced under the provisions of Act 346 of 1975, those provisions were not followed or utilized. Under Act 346, codified at § 16-93-303(a)(1), an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the circuit court, without entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place him on probation for a period of not less than one year, under such terms and conditions as may be set by the court. Obviously, Act 346 was not utilized in Baxter's prior cases even though the convic-

tion judgment entered made passing reference to that Act. In sum, Baxter's argument here simply is not supported by the record, and therefore we affirm on this point.

Baxter next contends the trial court erred in submitting to the jury a verdict form containing the wrong sentence range. The sentencing range given was that for a habitual offender convicted of a Class A felony — a term of not less than six years nor more than fifty years. *See* Ark. Code Ann. § 5-4-501(a)(2) (Repl. 1993 and Supp. 1995). Baxter asserts the object of his crime of conspiracy was an unclassified felony, and under Ark. Code Ann. § 5-3-404(5), he should have been punished for a Class A misdemeanor, which requires a sentence not to exceed one year. Ark. Code Ann. § 5-4-401(b)(1) (Repl. 1993 and Supp. 1995). Baxter is mistaken in classifying his criminal conspiracy.

Under Ark. Code Ann. § 5-3-404(1) (Repl. 1993), a criminal conspiracy is a Class A felony if an *object* of the conspiracy *is* commission of capital murder, treason, or *a Class Y felony*. (Emphasis added.) Here, the object of Baxter's and Mumford's conspiracy was to purchase and possess cocaine with the intent to deliver it — a Class Y felony under the penalty section of the Uniform Controlled Substances Act. *See* Ark. Code Ann. § 5-64-401 (Repl. 1993 and Supp. 1995). Accordingly, the verdict containing the habitual sentencing range for a Class A felony was correct.

Finally, Baxter argues his sentence compared to Mumford's is disproportional and constitutes cruel and unusual punishment. We first point out that the record fails to reflect Mumford's sentence, and this court may not take judicial notice of the record in a separate case. *Smith* v. *State*, 307 Ark. 223, 818 S.W.2d 945 (1991). We also note that, in rejecting this argument below, the trial court explained that the evidence supported the theory that Baxter was the main perpetrator of the crime, and Baxter used Mumford to commit it. In any event, this court has clearly held that the sentence received by a codefendant is not relevant to the appellant's guilt, innocence, or punishment. *Robinson* v. *State*, 278 Ark. 516, 648 S.W.2d 444 (1983).

Because we find no merit in Baxter's five points on appeal, we affirm.

DUDLEY, J., not participating.