Alton Levern BRUNSON v. STATE of Arkansas

CR 96–826                                    940 S.W.2d 440

Supreme Court of Arkansas
Opinion delivered March 17, 1997

[Supplemental Opinion on Denial of Rehearing
delivered May 5, 1997.]

*William R. Simpson, Jr.*, Public Defender, by: *Kent C. Krause*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. ■ We granted the State's petition to review the decision of the court of appeals in this case where the sole issue is whether the odor of marijuana or the smell of marijuana smoke emanating from a legally stopped vehicle constitutes probable cause to search the occupants. The trial court ruled that probable cause existed, convicted Appellant Alton Levern Brunson of one count of possession of a controlled substance, fined him $250, imposed court costs, and sentenced him to five years' probation. The court of appeals reversed, holding there was no probable cause to conduct the warrantless search of Appellant's person. *Brunson v. State*, 54 Ark. App. 248, 925 S.W.2d 434 (1996). After granting a petition for review following a decision by the court of appeals, we review the case as though the appeal

was originally filed with this court. *Mullinax v. State*, 327 Ark. 41, 938 S.W.2d 801 (1997); *Allen v. State*, 326 Ark. 541, 932 S.W.2d 764 (1996). Upon our review, we conclude the trial court did not err in denying Appellant's motion to suppress and therefore affirm the judgment of conviction.

Appellant was charged by information with one count of felony possession of cocaine and one count of misdemeanor possession of marijuana. He moved to suppress the evidence obtained from the search of his person on the bases that he was searched without a warrant, without benefit of reasonable suspicion that he was armed and dangerous, and without probable cause to believe that he had committed a felony. After a bench trial, the trial court denied the motion to suppress. Upon his conviction, the misdemeanor was merged with the felony.

In reviewing the denial of a motion to suppress evidence, we make an independent examination based upon the totality of the circumstances and reverse only if the decision is clearly against the preponderance of the evidence. *Mullinax*, 327 Ark. 41, 938 S.W.2d 801; *Crail v. State*, 309 Ark. 120, 827 S.W.2d 157 (1992). We view the facts in the light most favorable to the State. *Id.*

Appellant does not dispute that the vehicle in which he was a passenger was legally stopped for violation of a raucous noise ordinance in North Little Rock, Arkansas, on March 19, 1994, at approximately 1:30 in the morning. Detective John Breckon, of the North Little Rock Police Department, testified that as he approached the driver's side of the vehicle, he smelled an odor of marijuana coming from the vehicle; on cross-examination, he stated he smelled marijuana smoke. He stated that he had all four occupants step out of the vehicle and that, because of the smell, all four occupants were searched. Detective Breckon testified that he performed a pat-down search of Appellant, who was in the rear passenger seat of the vehicle, and found a small quantity of marijuana and a package of cigarette rolling papers in his left front pants pocket. After arresting Appellant, Detective Breckon stated that he continued searching Appellant and found two rocks of cocaine in the cargo pocket of his left leg.

Appellant's sole point of error on appeal is the legality of the search of his person. He does not challenge the stop itself or the qualifications of the officer to identify the odor of marijuana or its smoke. Rather, he contends that the smell of marijuana or its smoke emanating from the vehicle alone did not justify the search of his person. We simply do not agree and find Appellant's argument to be wholly without merit.

The same standards govern reasonable cause or probable cause determinations, regardless of whether the question is the validity of an arrest or the validity of a search and seizure. *Hudson v. State*, 316 Ark. 360, 872 S.W.2d 68 (1994). The determination of probable cause is to be based on the factual and practical considerations of everyday life upon which reasonable and prudent persons act. *Id.* In assessing the existence of probable cause, our review is liberal rather than strict. *Id.*

With reasonable cause to believe that an offense has been or is being committed in the officer's presence, an officer may make an arrest without a warrant pursuant to A.R.Cr.P. Rule 4.1(a)(iii). There is no doubt that, after having stopped the vehicle at 1:30 a.m. for playing music so loudly it violated a city ordinance, upon smelling the marijuana or its smoke emanating from the vehicle, Detective Breckon had probable cause to believe that an offense had been or was being committed in his presence. Quite simply, the smell of the marijuana or its smoke emanating from a vehicle constitutes facts and circumstances sufficient to warrant a person of reasonable caution to believe that a controlled substance has been or is being possessed or delivered or both, and, thus, that a violation of law has occurred or is occurring.

Courts in this state have held that the smell of marijuana or its smoke emanating from a vehicle gives rise to reasonable suspicion to detain the occupants to determine the lawfulness of their conduct, *Phillips v. State*, 53 Ark. App. 36, 918 S.W.2d 721 (1996), to search the vehicle, *Lopez v. State*, 29 Ark. App. 145, 778 S.W.2d 641 (1989) (citing *Gordon v. State*, 259 Ark. 134, 529 S.W.2d 330 (1976), *cert. denied*, 434 U.S. 929 (1977)), and to arrest some or all of its occupants, depending upon the particular circumstances, *Crail*, 309 Ark. 120, 827 S.W.2d 157.

■ In the present case, the smell of the marijuana or its smoke emanating from the vehicle gave Detective Breckon reasonable cause to believe an offense had been or was currently being committed inside the enclosed space of the vehicle. He thus had probable cause to arrest the occupants of the vehicle consistent with Rule 4.1(a)(iii). We are not persuaded by Appellant's argument that an individualized suspicion or cause is required to arrest each occupant under the facts and circumstances presented in this case. Such an argument would lead to the illogical conclusion that none of the four occupants could have been arrested even though the smell of marijuana or its smoke was emanating from the enclosed space of the vehicle where all four occupants were present.

■ Once an officer has made a lawful arrest, he may, without a warrant, search the person to obtain evidence of the commission of the offense or to seize contraband pursuant to A.R.Cr.P. Rule 12.1(d). A search is valid as incident to a lawful arrest even if it is conducted before the arrest, provided that the arrest and search are substantially contemporaneous and that there was probable cause to arrest prior to the search. *Rawlings v. Kentucky*, 448 U.S. 98 (1980); *Horton v. State*, 262 Ark. 211, 555 S.W.2d 226 (1977). Here, the smell of marijuana or its smoke emanating from the vehicle constituted probable cause to arrest the occupants, and, according to Detective Breckon's testimony, the smell existed prior to the search. The search and the arrest were substantially contemporaneous as Detective Breckon testified he conducted a pat-down search of Appellant, found the marijuana, arrested Appellant, and then continued to search him following the arrest.

■ Under the totality of the circumstances, we conclude the warrantless search of Appellant's person was reasonable. Accordingly, we cannot conclude the trial court erred in denying Appellant's motion to suppress. In making this conclusion, we have balanced the public interest of officer safety against Appellant's right to personal security free from arbitrary interference by law officers. *Maryland v. Wilson*, ___ U.S. ___, 117 S.Ct. 882 (No. 95-1268, February 19, 1997).

Initially, we are concerned with the circumstances. This case involves a moveable vehicle. It was early in the morning when the vehicle was stopped, 1:30 a.m. The four occupants were riding and listening to music played so loudly that it was in violation of a city ordinance. When the vehicle was stopped, the officer smelled marijuana or its smoke emanating from the confined and enclosed space of the vehicle. The odor constituted probable cause to believe an offense was committed or being committed under the Controlled Substances Act. The pat-down search was incident to the arrest.

On the private-interest side, we note that the search was a pat-down search conducted contemporaneously with an arrest based on probable cause. Accordingly, this was not an arbitrary interference with Appellant's personal security interest.

On the public-interest side is officer safety. There were four occupants in this vehicle. Because the danger to an officer during a traffic stop is likely to be greater when there are passengers in addition to the driver of the stopped car, an officer making a traffic stop may order passengers to get out of the car pending the completion of the stop. *Wilson*, ___ U.S. ___, 117 S.Ct. 882 (No. 95-1268, February 19, 1997). On these facts, there was no need for further detention to complete the stop because the smell of marijuana or its smoke emanating from the vehicle constituted probable cause to arrest the occupants. *See Wilson*, n.3 (slip opinion at page 6, n.3). As cited by the Court in *Wilson*, eleven officers were killed and 5,762 were assaulted during traffic stops in 1994 according to an FBI report; the risk of harm to an officer increases when there is more than one occupant of the vehicle. *Wilson* (slip opinion at page 4). Contrary to Appellant's assertions, Officer Breckon did not testify that he was not concerned about weapons or his safety. No evidence to that effect was ever introduced, nor were any questions on the subject of weapons or officer safety ever posed by either side. Accordingly, we conclude that the balance weighs in favor of the public interest and that the search was reasonable.

We are not unmindful of Appellant's arguments concerning, and the court of appeals' interpretation of, A.R.Cr.P. Rule 14.1.

There is no evidence, however, that the vehicle was searched in this case, and we have not analyzed the search of Appellant's person as being incident to a vehicular search. Even assuming *arguendo* that we did so analyze the search, we would be hesitant to interpret Rule 14.1 as narrowly as did the court of appeals. Such an interpretation would require officers to turn their backs on the occupants to search the vehicle before ever patting-down the occupants for weapons and would be in total disregard of the officer's safety. Rather, upon presentation of appropriate facts, we might consider an interpretation of Rule 14.1(b) upholding the search of an individual's person contemporaneously with the search of a vehicle — an interpretation that is analogous to our law on searches contemporaneous with arrests.

The judgment of conviction is affirmed.

IMBER, J., concurs.

NEWBERN, J., dissents.

ANNABELLE CLINTON IMBER, Justice, concurring. I agree with the majority that, based on the particular facts of this case, Detective Breckon had reasonable cause to believe that an offense had occurred, justifying a pat-down search of the appellant incident to his arrest. However, I disagree with the majority's reliance on *Wilson v. Maryland,* ___ U.S. ___, 117 S.Ct. 882 (No. 95-1268, February 19, 1997), to justify the reasonableness of the search.

In *Wilson* the United States Supreme Court held that a police officer may order the passengers of a lawfully-stopped car to exit the vehicle. There, the defendant was a passenger in a lawfully-stopped automobile. The investigating officer ordered the defendant, who was sweating and appeared extremely nervous, out of the vehicle. When the defendant exited the car, an amount of crack cocaine fell out of the vehicle and onto the ground. The defendant was subsequently charged with possession of cocaine with intent to distribute.

The *Wilson* Court extended to passengers the rule articulated in *Pennsylvania v. Mimms,* 434 U.S. 106 (1977), that a police officer may order the driver of a lawfully-stopped vehicle to exit the car. There, the Court balanced the public and private interests

in determining the reasonableness of the intrusion, deeming the additional intrusion of stepping outside of the vehicle *de minimis.* In *Wilson*, the Court likewise balanced the public and private interests, noting in particular legitimate concerns about officer safety in traffic stops when there are passengers inside the vehicle. While the considerations for ordering a passenger to exit were not as strong as those for the driver, "the additional intrusion on the passenger is minimal." *Maryland v. Wilson, supra.*

Returning to the present case, there is no doubt that *Maryland v. Wilson* would provide a justification for ordering Brunson out of the vehicle. However, as noted by the majority, there was no evidence that Detective Breckon was concerned about personal safety. He simply smelled marijuana or smoke emanating from the vehicle, giving him probable cause to believe that an offense had been committed. Thus, the search in this case was reasonable because it was incident to his lawful arrest. *See* Ark. R. Crim. P. 12.1(d).

DAVID NEWBERN, Justice, dissenting. The unconstitutionality of the search of Alton Levern Brunson and the subsequent error in admitting evidence found in the search were explained very well in the Court of Appeals opinion, *Brunson v. State,* 54 Ark. App. 248, 925 S.W.2d 434 (1996), and need not be explained again.

The majority of this Court concludes the search was proper because it was incident to an arrest. It relies on Ark. R. Crim. P. 4.1(a)(iii) to justify the arrest. The rule provides:

> (a) A law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed
>
> ***
>
> (iii) any violation of law in the officer's presence; . . .

There was no "reasonable cause" to search Mr. Brunson until after the search had turned up marijuana on his person. In an attempt to apply the rule allowing a search incident to arrest, the majority says, "The search and the arrest were substantially contemporaneous as Detective Breckon testified he conducted a pat-down search of Appellant, found the marijuana, arrested Appellant, and then

continued to search him following the arrest." Clearly, the search commenced prior to any arrest, and the arrest was the result of the search.

*Rawlings v. Kentucky*, 448 U.S. 98 (1980), and *Horton v. State*, 262 Ark. 211, 555 S.W.2d 226 (1977), are cited by the majority for the proposition that a search prior to arrest is proper if there is probable cause to arrest prior to the search. The majority does not say what the probable cause for arresting Mr. Brunson may have been.

After expressing the legitimate general concern with respect to the safety of officers making traffic stops, the majority opinion states,

> Contrary to Appellant's assertions, Officer Breckon did not testify that he was not concerned about weapons or his safety. No evidence to that effect was ever introduced, nor were any questions on the subject of weapons or officer safety ever posed by either side. Accordingly, we conclude that the balance weighs in favor of the public interest and that the search was reasonable.

The implication is that a lack of evidence that an officer feared for his safety outweighs a citizen's right under the Fourth Amendment to the United States Constitution to be free of an unreasonable search. That is a remarkable conclusion.

Also remarkable is the majority's statement that it would be illogical to say none of four occupants of the vehicle could be arrested even though a marijuana smell came from the car. That suggests that when an officer reasonably suspects a crime has been committed by someone in a vehicle, all of the occupants of the vehicle may be arrested and searched. It is reminiscent of the opinion by Justice George Rose Smith in *Catt v. State*, 691 S.W.2d 120, delivered April 1, 1995, which appeared in the Arkansas Advance Reports at 285 Ark. 334, but which, sadly, did not make it into the bound volume. There, Justice Smith wrote to affirm the convictions of twin brothers, tried jointly, because an officer identified one of them, or someone who looked enough like him to be his twin brother, as having sold the officer cocaine. Justice Smith wrote, "We have no alternative except to hold that

each verdict is supported by Officer Javert's unshaken identification of the culprit, no matter who he was."

My appreciation of the literary value of *Catt v. State, supra,* which has been cited as far away as Delaware, *see The [Wilmington] News Journal,* p. B4, April 12, 1996], is so strong that I could never agree to overrule it. The logic espoused in support of the Catt brothers' convictions should not, however, be extended to the search and the arrest of Mr. Brunson.

I respectfully dissent.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

May 5, 1997

CR 96-826                                            940 S.W.2d 440

Petition for Review from the Arkansas Court of Appeals.

*William R. Simpson, Jr.,* Public Defender, by: *Kent C. Krause,* Deputy Public Defender, for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Our decision in this case affirming the trial court was delivered on March 17, 1997. Appellant filed a petition for rehearing, which was submitted to us on

April 14, 1997. In his petition, Appellant asserted that Officer Breckon lacked probable cause to arrest him and that our reliance on *Maryland v. Wilson*, ___ U.S. ___, 117 S. Ct. 882 (1997) was misplaced. In its response, Appellee agreed with Appellant that our reliance on *Wilson* was misplaced, but nonetheless contended that there was probable cause to arrest Appellant. Because we agree with Appellee, we deny rehearing of this case and issue this supplemental opinion for the purpose of correcting our error.

Although we viewed our citation to *Wilson* as merely collateral, rather than controlling authority, we supplement our decision to clarify our position. We agree with both parties that our reference to the balancing test provided in *Wilson* may have been misplaced. Nonetheless, we view our inclusion of that test as extraneous, and we affirm the trial court on the ground that the search of Appellant was valid as incident to his lawful arrest.