Larron Clark McDANIEL *v.* STATE of Arkansas

CR 99-166                                    990 S.W.2d 515

Supreme Court of Arkansas
Opinion delivered May 6, 1999

*Paul Petty*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Ass't Att'y Gen., for appellee.

L AVENSKI R. SMITH, Justice. Appellant, Larron Clark McDaniel ("McDaniel"), appeals his conviction on drug charges from the Faulkner county circuit court. McDaniel entered a conditional guilty plea pursuant to Ark. R. Crim. P. 24.3(b), and was sentenced to 120 months of imprisonment, with sixty months suspended. Appellant challenges the denial of his motion to suppress evidence on the grounds that the search of locked toolboxes and a briefcase in the bed of his truck based on an officer's assertion that he smelled marijuana violated the Fourth Amendment of the United States Constitution. We disagree and affirm.

## Facts

The suppression hearing produced the following facts. On the night of April 26, 1997, officers Tony Hartwick and Brad McNew stopped McDaniel and his passenger, Bobby McAdams. The officers did so after observing McDaniel driving left of the center line while driving through Damascus, Arkansas, at about 1:00 a.m. The police officers turned on their lights, and continued to follow McDaniel for approximately a quarter of a mile before McDaniel pulled over. Officer Hartwick testified that, upon approaching the truck, he smelled a strong odor of marijuana

emanating from the cab. In contrast, Officer McNew testified that he did not smell marijuana as he approached the vehicle on the passenger side. Officer Hartwick asked McDaniel to exit the vehicle. Upon an initial visual inspection of the cab of the truck, Officer Hartwick testified that he did not see any evidence of marijuana use such as seeds, a pipe, a hemostat, rolling papers, or other drug paraphernalia. He asked McDaniel whether McDaniel had been drinking or using drugs because Officer Hartwick testified that McDaniel's eyes were "bloodshot and watery." McDaniel denied that he had been using any drugs or alcohol. Officer Hartwick also asked McDaniel whether he had any weapons, stolen merchandise, drugs or any other illegal item in the truck, and McDaniel again denied it. Officer Hartwick testified that McDaniel told him to "go ahead and look," and Officer Hartwick began rummaging through the cab of the truck. Officer Hartwick did not request that McDaniel sign a consent to search form, although such forms were used by and available at the Damascus Police Department. McDaniel disputed that he gave Officer Hartwick permission to search the truck.

While this search of the truck cab was proceeding, Officer McNew had removed McAdams from the passenger side of the truck so that Officer Hartwick could conduct the truck cab search. Officer McNew testified that although McAdams had presented no threat at the time of the stop nor at any time during the detention, he patted him down to look for weapons. During this pat-down, Officer McNew felt something in McAdams left front pocket which turned out to be McAdams's keys. Officer McNew continued the pat-down and felt another object which, he testified, was "not a weapon." However, Officer McNew reached into McAdams's pocket and pulled out a Tylenol tube although he knew it did not contain a weapon. He did not give it back to McAdams, however, because he believed from experience that it might contain "contraband." Upon opening the tube, Officer McNew found what later turned out to be methamphetamine. Officer McNew then arrested McAdams, handcuffed him and placed him in the back of his police car, and walked back to the truck to show Officer Hartwick what he had found.

As Officer McNew approached the vehicle, he testified that he saw Officer Hartwick looking in a briefcase which he had retrieved from a large toolbox located in the truck bed behind the cab of the truck. While Officer McNew searched McAdams, Officer Hartwick finished searching the truck cab but found no weapons or drugs. He had also searched McDaniel and found no weapons on him. However, Officer Hartwick's search did not end there. After Officer Hartwick found nothing in the cab of the truck to explain the strong odor of marijuana he testified he smelled, he read McDaniel his *Miranda* rights and then proceeded to search a locked toolbox in the bed of the truck. He testified that he usually looked in toolboxes regardless of whether the passenger was detained. Officer Hartwick retrieved the keys from inside the cab of the truck and directed McDaniel to show him which key opened the toolbox. Officer Hartwick testified that McDaniel showed him which key opened the box, although McDaniel disputed that he did, and Officer Hartwick opened the toolbox. Officer Hartwick testified that he then smelled the odor of marijuana coming out of it. He found a briefcase and opened it to find marijuana.

At this time, Officer McNew returned to show Officer Hartwick what he had found on McAdams. After joining Officer Hartwick at the truck, Officer McNew found a smaller silver box which was locked in the larger toolbox. He, too, asked McDaniel to show him the key that unlocked the small box, and McDaniel did. Officer McNew found a baggie of off-white powder, along with pipes, empty baggies and other items. Officer McNew asked McDaniel what was in the baggie, and McDaniel told him it was methamphetamine. According to Officer McNew, he then arrested McDaniel and handcuffed him. Apparently, Officer Hartwick read McDaniel his *Miranda* rights before he began searching the toolbox. In denying the motion to suppress, the trial court found that the officers had probable cause to search the truck based on the fact that Officer Hartwick claimed he smelled marijuana.

## Standard of Review

■ ■ When we grant a petition for review of a court of appeals case, we review the judgment and proceedings before the trial court as if the appeal had been originally filed before us. *MacKintrush v. State*, 334 Ark. 390, 978 S.W.2d 293 (1998). When reviewing the denial of a suppression motion, we make an independent examination of the evidence based on the totality of the circumstances and will not reverse the trial judge's decision unless it is clearly against the preponderance of the evidence. *Welch v. State*, 330 Ark. 158, 955 S.W.2d 181 (1997).

■ The appropriate starting place for cases involving potential unreasonable searches and seizures is the constitutional provision protecting citizens from such police conduct. The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., amend. 4. In general, a search is considered invalid absent a warrant based on probable cause to search. However, the United States Supreme Court first established the "automobile exception" to the warrant requirement in *Carroll v. United States*, 267 U.S. 132 (1925), recognizing that the mobile nature of automobiles justifies a search, based on probable cause, even when a warrant has not yet been obtained. In the last eighteen years, the United States Supreme Court has simplified the rules regarding warrantless searches of automobiles to narrow the requirements down to one bright-line rule. In *United States v. Ross*, 456 U.S. 798 (1982), the Court stated:

> Where police officers have probable cause to search an entire vehicle, they may conduct a warrantless search of every part of the vehicle and its contents, including all containers and packages, that may conceal the object of the search. The scope of the

> search is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.

*Ross*, 456 U.S. at 798, 823-825.[1] This rule put to rest several different distinctions between searches of vehicles and the containers they may contain. See, *United States v. Chadwick*, 433 U.S. 1 (1977); *Arkansas v. Sanders*, 422 U.S. 753 (1979). Since *Ross*, the Court has also refined the issue of whether a police officer must obtain a warrant to open a container found in the trunk of a car when the search only extends to that container, and determined that no warrant is necessary should probable cause exist to believe that the container holds contraband. See, *California v. Acevedo*, 500 U.S. 565 (1991).

Two issues generally appear in search and seizure cases. First, we must consider whether there was probable cause to search the vehicle and any containers therein, and second, whether the scope of the search was appropriate for the item to be found. On the first issue, we have clearly recognized that "the odor of marijuana coming from a vehicle is sufficient to arouse suspicion and provide probable cause for the search of that vehicle." *Green v. State*, 334 Ark. 484, 490, 978 S.W.2d 300, (1998); *see also, Gordon v. State*, 259 Ark. 134, 529 S.W.2d 330, *cert. denied*, 434 U.S. 929 (1976). We have recognized that the smell of marijuana emanating from a vehicle gives rise to reasonable suspicion to detain the occupants to determine the lawfulness of their conduct, to search the vehicle, and to arrest the occupants, depending on the circumstances. *Brunson v. State*, 327 Ark. 567, 571, 940 S.W.2d 440 (1997), citing *Phillips v. State*, 53 Ark. App. 36, 918 S.W.2d 721 (1996), *Lopez v. State*, 29 Ark. App. 145, 778 S.W.2d 641 (1989), and *Crail v. State*, 309 Ark. 120, 827 S.W.2d 157 (1992).

---

[1] The U.S. Supreme Court recently reaffirmed its *Ross* rationale in *Wyoming v. Houghton*, 119 S. Ct. 1297 (1999).

■ In the instant case, there is no dispute whether the officers lawfully pulled McDaniel over for a traffic violation. See, *Whren v. United States*, 517 U.S. 806, 135 L.Ed.2d 89 (1996). Probable cause to search was also present based upon the smell of marijuana. *Green, supra.* Officer Hartwick testified that, upon approaching the truck, he smelled a strong odor of marijuana, as if it had just been smoked. Although Officer McNew testified that he did not smell the "strong" odor of marijuana, we will defer to the trial court's finding of fact, absent an abuse of discretion, when the only determination is the witness's credibility. *Stephens v. State*, 328 Ark. 81, 941 S.W.2d 411 (1997).

■ Once probable cause is determined to exist, the second issue, the scope of the search, then arises. The U.S. Supreme Court has given direction on this point. "The scope of a warrant-less search based on probable cause is no narrower — and no broader — than the scope of a search authorized by a warrant supported by probable cause." *Ross, supra,* at 823. As the Court pointed out in *Ross*:

> A warrant to open a footlocker to search for marihuana would also authorize the opening of packages found inside. A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers,in the case of a home or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.

*Id.*, at 821. The Court further stated:

> [J]ust as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase. Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab.

*Id.*, at 824.

In *Ross*, the police received a tip from a reliable source who told them that an individual was selling narcotics from the trunk of his car in a particular location in the District of Columbia. The police officers stopped the car and driver matching the descriptions given by the informant. One of the officers opened the trunk, found a brown paper bag and, after opening the bag, found glassine bags containing heroin. The Court concluded its analysis by stating, "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Ross*, at 825.

■ The U.S. Supreme Court elaborated further in *Acevedo, supra.* In that case, the police observed Acevedo leaving an apartment in which the police knew contained marijuana. Acevedo left the apartment carrying a brown paper bag which he placed in his trunk. Suspecting that the brown bag contained marijuana, the police stopped Acevedo and searched the trunk for the bag and opened it when they found it. The bag contained marijuana. The Court had previously held that while the bag could be confiscated, a search warrant was necessary to look in the bag. In *Acevedo*, however, the Court determined that such a rule was outmoded, in part based on *Ross*, and held that the bag could be opened without a warrant. The Court concluded, "The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *Acevedo*, at 564. Because a vehicle is readily movable by any person, not just the suspect, exigent circumstances allow the vehicle to be searched at the scene. *Reyes v. State*, 329 Ark. 539, 548-550, 954 S.W.2d 199, 202-204 (1997). In *United States v. Perkins*, 994 F.2d 1184 (6th Cir. 1993), the appellate court upheld a warrantless search of a white tool box in the bed of his co-conspirator's pickup truck where authorities found marijuana. Citing *Acevedo,* the court concluded that probable cause to stop and search the vehicle existed, together with exigent circumstances, to support the warrantless search of the toolbox and glove compartment.

■ We are readily mindful of the priceless value of constitutional liberties. They cannot be lightly infringed upon or they will inevitably be whittled away to worthless. In the instant case, the precedents governing automobile searches make it apparent, for better or worse, that driving citizens and their cargo are less protected than when at home. The facts and the law applicable to the instant case compel a holding that probable cause justified the search of appellant's vehicle and that the scope of that search could include containers within the automobile that could contain the suspected and ultimately discovered marijuana. We therefore affirm the trial court's denial of appellant's motion to suppress.

Affirmed.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. I must dissent. The majority opinion quotes the pertinent language from *Ross v. United States*, 456 U.S. 798 (1982), and *California v. Acevedo*, 500 U.S. 565 (1991), but seems to ignore its application to this case.

The majority is correct in finding Officer Hartwick's testimony that he smelled marijuana provided him probable cause to search the cab of the truck. *Green v. State*, 334 Ark. 484, 978 S.W.2d 300 (1998). However, probable cause to search the cab of the truck does not justify a search of a locked toolbox in the bed of the truck and any containers, including locked containers, therein.

In *Ross*, Ross challenged only the search of closed containers within his vehicle's trunk even though the searching police officers had probable cause to search Ross's entire vehicle.[1] The Supreme Court set out the criteria for courts to use to determine

---

[1] The majority relies on *Ross* to support its finding of probable cause in this case. However, Ross challenged only the lower court's refusal to suppress evidence found in the search of the closed containers within his trunk and did not challenge the officers' probable cause to search his vehicle's passenger compartment. In this case, McDaniel specifically challenges the police officers' probable cause to search the locked toolboxes. The Court in *Ross* cites the Court of Appeals' decision that the officers had probable cause to search the

whether a warrantless search is reasonable under the Fourth Amendment:

> *The scope of a warrantless search of an automobile . . . is defined by the object of the search and the places in which there is probable cause to believe that it may be found.* Just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase. *Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab.*

*Ross,* 456 U.S. at 824 (emphasis added). The Court then upheld the search, finding an informant's tip provided the officers probable cause to search the closed containers in Ross's trunk.

In *Acevedo,* the Court was confronted with the situation where police officers had no probable cause to search the entire vehicle, but instead had information that Acevedo placed a sack containing contraband in his vehicle's trunk. The officers in *Acevedo* had previously observed activity at an apartment after obtaining information that a package of marijuana had been taken inside. The officers stopped and searched a person leaving the apartment and found marijuana on him. Acevedo subsequently arrived at the apartment, stayed about ten minutes, and left with a package. He was seen putting the package in his trunk. The officers later stopped his vehicle, searched his trunk, and found marijuana. In holding that the police were not required to obtain a warrant before opening the package found inside Acevedo's trunk, the Court said: "[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *Acevedo,* 500 U.S. at 580.

Thus, the Court in *Ross* and *Acevedo* required police officers to have specific probable cause to believe they will find the object

---

entire vehicle, but did not consider the issue itself. The question of whether probable cause is required for different parts of a vehicular search was addressed in *Acevedo.*

of their search in the places in which they conduct the search. However, the police must end their search once they have searched that area. In *Acevedo*, the Court stated, "[T]he police did not have probable cause to believe that contraband was hidden in any other part of the automobile and *a search of the entire vehicle would have been without probable cause and unreasonable under the Fourth Amendment." Acevedo*, 500 U.S. at 580 (emphasis added). Any search conducted in an area where the police do not have probable cause to believe they will find the object of their search is unreasonable and any evidence gathered by that search must be suppressed.

In this case, Officer Hartwick testified that when he smelled the odor of marijuana after stopping McDaniel, "[i]t smelled like someone had just smoked some marijuana." Hartwick asked McDaniel if he had been drinking or using drugs; McDaniel said he had not. Based on Officer Hartwick's testimony, the scope of the search was limited to the places in which there was probable cause to believe the officers would find evidence of freshly smoked marijuana. As neither officer testified they observed any activity to make them believe either McDaniel or his passenger had tried to put anything in the toolbox, the officers could search the cab of the truck for marijuana cigarettes or paraphernalia associated with smoking marijuana, but not the locked toolbox in the bed of the truck, nor the briefcase and locked box contained in the locked toolbox.

Once Officer Hartwick searched the cab of the truck and found no evidence of freshly smoked marijuana, his probable cause was extinguished. *Acevedo*, 500 U.S. at 580; *Ross*, 456 U.S. at 824. Because any further search of the truck was unsupported by probable cause and was therefore unreasonable under the Fourth Amendment, any contraband obtained from the search should be suppressed. For these reasons, I respectfully dissent.