Jimmie Leslie DAVIS *v*. STATE of Arkansas

CA CR 99-164                                    8 S.W.3d 36

Court of Appeals of Arkansas
Division IV
Opinion delivered December 22, 1999

*Boyd & Buie*, by: *M. Christina Boyd*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi Jr.*, Asst. Att'y Gen., for appellee.

MARGARET MEADS, Judge. Appellant, Jimmie Leslie Davis, entered a conditional plea of guilty to the offenses of possession of drug paraphernalia and possession of marijuana with intent to deliver, reserving his right to appeal the denial of his motion to suppress evidence pursuant to Rule 24.3(b) of the Arkansas Rules of Criminal Procedure. He was sentenced to sixty months in the Arkansas Department of Correction on each count, with the sentences to run concurrently. His sole argument on appeal is that the trial court erred in denying his motion to suppress marijuana found in a search of his vehicle. We reverse and remand.

At the hearing on the motion to suppress, Constable James Shelton testified that on August 31, 1996, he pulled appellant over for failure to stop and signal at an intersection. Shelton testified that appellant got out of his truck after being pulled over, and at that time he could smell alcohol on appellant's breath. He asked appellant for his driver's license, and appellant complied. He patted appellant down for weapons but found nothing. Shelton did not perform any field sobriety tests on appellant, and he did not note in

his report that appellant had slurred speech, glassy eyes, or difficulty walking. A breathalyzer test administered to appellant indicated a 0.0 level of blood alcohol, and appellant was never charged with driving while intoxicated.

After searching appellant's person, Shelton told appellant he was going to look in his truck and walked over to appellant's vehicle. Shelton stated that he was visually looking for weapons and did not intend to search the vehicle until he smelled marijuana. Shelton testified that the first time he smelled marijuana was after he "stuck [his] head in the vehicle." Shelton then proceeded to search the vehicle and found two bags of marijuana in a brown paper bag inside a closed ice chest which was between the two seats of the truck.

■ On review of a trial court's denial of a motion to suppress, the appellate court makes an independent examination based upon the totality of the circumstances and will reverse only if the trial court's ruling was clearly against the preponderance of the evidence. *Muhammad v. State*, 337 Ark. 291, 988 S.W.2d 17 (1999). In determining whether the trial court's ruling was clearly against the preponderance of the evidence, the appellate court must review the evidence in the light most favorable to the State. *Id.*

Appellant does not contest the legality of the initial stop or the pat-down search of his person for weapons; rather, he contends that the trial court erred in denying his motion to suppress the marijuana seized from his truck because there was no reasonable cause to search the vehicle.

The Fourth Amendment to the Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons to be seized.

U.S. Const. amend. 4.

■ ■ The United States Supreme Court first set forth the "automobile exception" in *Carroll v. United States*, 267 U.S. 132 (1925), recognizing the justification of a warrantless search of a vehicle based upon probable cause, due to the mobile nature of

vehicles. Rule 14.1 of the Arkansas Rules of Criminal Procedure provides that an officer may stop, detain, and search a vehicle in a public area without a search warrant and may seize items subject to seizure if he has reasonable cause to believe that the vehicle contains such items. Reasonable cause, or probable cause, as required by Rule 14.1, exists when officers have trustworthy information which rises to more than mere suspicion that the vehicle contains evidence subject to seizure and a person of reasonable caution would be justified in believing an offense has been committed or is being committed. *Reyes v. State*, 329 Ark. 539, 954 S.W.2d 199 (1997); *Hudson v. State*, 316 Ark. 360, 872 S.W.2d 68 (1994). The same standards govern probable cause whether the question is validity of a search and seizure or validity of an arrest. *Perez v. State*, 260 Ark. 438, 541 S.W.2d 915 (1976). A mere suspicion is not enough to establish probable cause, and even a "strong reason to suspect" will not suffice. *Roderick v. State*, 288 Ark. 360, 705 S.W.2d 433 (1986).

Here, Constable Shelton had no suspicion, reasonable or otherwise, that appellant's vehicle contained contraband until after he "stuck [his] head" into appellant's truck and smelled marijuana. The record is devoid of any articulable facts to support a reasonable suspicion to search prior to Shelton entering the truck. Therefore, appellant's motion to suppress the marijuana found in his truck should have been granted.

Reversed and remanded.

GRIFFEN and ROAF, JJ., agree.