Kenneth Dale HAMM *v.* STATE of Arkansas

CR 90-172                                             800 S.W.2d 711

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Gibbons Law Firm, P.A.*, by: *David L. Gibbons*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Kenneth Dale Hamm, was convicted of aggravated robbery and sentenced, as an habitual offender, to forty years imprisonment to run concurrently with another sentence imposed in the same county. Hamm's sole point for reversal is that the trial court erred in denying his motion, made pursuant to A.R.E. Rule 105, for a limiting instruction. Because Hamm has not demonstrated any prejudice, we affirm the conviction and sentence.

On August 21, 1986, W.L. Ferguson was robbed at his place of business in Russellville, Arkansas by a man holding a small caliber revolver. After taking approximately $1300 in cash, the robber fled and was seen by Ewing Caudle getting in a car being driven by another man. Mr. Caudle told the police the car was old and "looked like a Chevrolet." At trial, Mr. Caudle also described the car as having a dark color.

The day following the robbery, Lieutenant Aaron Duvall spotted a car, similar to the one described by Mr. Caudle, parked in front of Hamm's apartment. Hamm was arrested and taken into custody. Police obtained a consent to search the apartment and discovered a small caliber revolver in the attic.

Hamm later gave an incriminating statement to the Russell-ville Police Department in which he stated that Raymond Graves robbed Ferguson and he (Hamm) drove the car. He stated that Graves got $1,000 from the robbery and gave Hamm $400 of the stolen money. Hamm further told the police that he put the pistol in the attic when he arrived home.

At trial, Lt. Duvall testified that he was told by a Russellville police officer that the get-away car was "... a dark color or black Chevrolet Impala, two door about a 1972 or 1973." At this point, Hamm's attorney objected and, outside the hearing of the jury, requested the court to admonish the jury that the statement was only to be considered for the purpose of understanding why Lt. Duvall acted on the description of the car and arrested Hamm and not for the truth of the matter asserted. The trial judge refused the request, stating: "I don't believe it's a situation that requires an admonishment because it's not being offered for the truth and there's no prejudice that attaches one way or the other." Lt. Duvall subsequently testified that the trunk of the car had a hole in it where the lock had been.

Hamm first argues, and we agree, that the trial court's refusal to admonish the jury violated A.R.E. Rule 105 which states:

> Whenever evidence which is admissible as to one [1] party or for one [1] purpose but not admissible as another party or for another purpose is admitted, the court, upon request, *shall* restrict the evidence to its proper scope and instruct the jury accordingly. (Emphasis added)

The testimony here would have been inadmissible hearsay if offered for the truth of the matter asserted; however, it was offered to show that Lt. Duvall merely acted on the description of the car given him by Russellville police officers. Hamm properly requested the court to admonish the jury to limit its consideration of this evidence and the court erred in refusing to give the limiting instruction. *See Bliss v. State*, 288 Ark. 546, 708 S.W.2d 74 (1986); *McFadden v. State*, 290 Ark. 177, 717 S.W.2d 812 (1986).

Nevertheless, Hamm has not demonstrated that he was prejudiced by this error. We do not reverse for an alleged error,

absent a showing of prejudice. *Goldsmith* v. *State*, 301 Ark. 107, 82 S.W.2d 361 (1990); *Hart* v. *State*, 301 Ark. 200, 783 S.W.2d 40 (1990).

Hamm characterizes the state's case against him as "extremely weak" and hinging only on 1) the identity of Hamm's car as the get-away car, 2) the seizure of a small caliber weapon from Hamm's attic, and 3) the testimony of Officer Hunt that Hamm made an incriminating statement. Hamm points to the fact that the victim could not positively identify the gun found in Hamm's attic as the one used in the robbery and to the fact that no one identified Hamm as the driver of the get-away car. He also contends that his confession to Officer Hunt would have carried considerably less weight if the jury had not considered Lt. Duvall's description of Hamm's vehicle since the only other witness to describe the car was Mr. Caudle, who testified only that it was a dark old model car that resembled a Chevrolet.

■ As the state aptly points out, the detailed statement Hamm gave to the police, related by officer Hunt at trial, provided overwhelming support for the state's case against him. Hamm described how he and Graves drove over to Ferguson's business in the Impala, which belonged to Hamm and his wife. He related how he dropped Graves off and later picked him up as Graves came running back out of the building. He stated that Graves was wearing a reddish colored shirt, a fact corroborated by Mr. Caudle. Hamm stated that his share of what he believed to be $1000 in stolen cash was $400, but that he later flushed the money down the toilet when the police came to his home the following day. Hamm revealed that the pistol used in the robbery was hidden in his attic and contained six rounds of ammunition. Officer Hunt stated that the gun found by police investigators matched the caliber of shells located in a bread box, where Hamm said the shells were hidden, and that the pistol did, in fact, contain six rounds of ammunition. An accused's confession, along with other proof that the offense was committed, will support a conviction. *Grimes* v. *State*, 295 Ark. 426, 748 S.W.2d 657 (1988). Here, the evidence is more than sufficient to convict. We cannot say that Hamm suffered any prejudice as a result of the trial court's failure to admonish the jury with regard to Lt. Duvall's testimony.

Affirmed.