Jerry C. JOHNSON *v.* STATE of Arkansas

93-68                                      854 S.W.2d 336

Supreme Court of Arkansas
Opinion delivered May 25, 1993

*William R. Simpson, Jr.*, Public Defender, by: *Timothy A. Boozer*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Jerry Johnson was charged with three separate occasions of misconduct. All charges were tried on

October 2, 1992 and in all cases the appellant was adjudicated a delinquent. He was sentenced to indefinite probation, and a psychological evaluation was ordered as well as periodic drug screening.

Pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), the appellant's counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. The appellant was notified of his rights to file a pro se brief within thirty days. See Rules of the Supreme Court and Court of Appeals, Rule 20(j). He did not file a brief. The State concurs that the appeal has no merit.

We agree with the appellant's counsel and the state that the case is without merit in some regard, but find that in case no. J92-1182, where the appellant was adjudicated a delinquent on a charge of loitering, the appellant's request to have the charge dismissed because of failure of proof should have been granted. Detective Sergeant John Aquilino testified that he saw the appellant waving a gun in an area considered to be a high narcotics traffic area. The firearm was subsequently determined to be a pellet gun. When the appellant was ordered to drop the gun, he did so. He was searched and no contraband was found. There was evidence that the appellant identified himself to the officers and said that he was walking through the area. Ark. Code Ann. § 5-71-213(a)(1), provides that a person commits the offense of loitering if he lingers or remains or prowls in a public place or the premises of another without apparent reason and under circumstances that warrant alarm or concern for the safety of persons or property in the vicinity and, upon inquiry by a law enforcement officer, refuses to identify himself and give a reasonably credible account of his presence and purpose. The defense argued that since the appellant identified himself, he could not be found guilty of violating Ark. Code Ann. § 5-71-213(a)(1). However, the trial court agreed with the state that although the appellant had identified himself to the police officers, the statute requires that a person must identify himself *and* give a reasonably credible account of his presence and purpose. We hold that failing to identify oneself is a separate element of the offense of loitering. That element was not proven in this case. Therefore, the adjudication of delinquency in case no. J92-1182 must be reversed.

■ The defense made a hearsay objection when the police officer began to testify, "We had received information from a reliable confidential informant. . . ." The state stated they would not offer the statement for the truth of the matter asserted. Anything the informant told the police was not entered into evidence and there is no demonstration of any prejudice to the appellant.

In case no. J92-241 the appellant was adjudicated a delinquent on charges of fleeing and loitering. The defense moved to dismiss the charges for insufficient evidence. A patrolman testified that he received a call complaining of loiterers on December 26, 1991. When he arrived the appellant was standing by a "no loitering" sign on a tree in front of a house. The resident had called in numerous complaints about children loitering in front of her house selling narcotics. There was testimony that she was afraid that the drug task force would condemn her house because of the problem. The officer was called again at 12:10 a.m. on December 27, 1991. Again the appellant was there and when the police officer approached, the appellant ran away. The patrolman gave chase and apprehended the appellant and a friend. When he returned to the house he found a pistol lying on the ground where the appellant and his friend were.

■■ The patrolman's testimony offered substantial evidence to find that the appellant was lingering or remaining on the premises of another without apparent reason and under circumstances that warrant alarm and without giving a reasonably credible account of his presence and purpose. See Ark. Code Ann. § 5-71-213(a)(1). Ark. Code Ann. § 5-54-125 (1987), provides that a person is guilty of fleeing if he unlawfully flees on foot or by means of a vehicle or the conveyance from duly authorized law enforcement officers knowing that his immediate arrest or detention was being attempted. The appellant admitted that he saw the police officer coming around the corner and the policeman testified that the appellant and his friend ran away from him. That proof provides substantial evidence of fleeing.

■ The defense also objected when the police officer testified that the resident of the house complained about the children loitering in front of her house and was scared that her house would be condemned. The court was correct in admitting

the testimony of the police officer since it was not admitted to show the truth of the statement but was offered to show what information the police acted upon. *See Jones* v. *State*, 15 Ark. App. 283, 692 S.W.2d 775 (1985).

In case no. J92-593 the appellant was found a delinquent on charges of theft by receiving and fleeing. A police officer testified that on October 30, 1991, he saw a vehicle, which had been reported stolen, coming towards him on a street and suddenly start backing up over halfway down a block. The policeman pulled in behind the car and turned on the blue lights and siren. The stolen car continued down a block and the driver and his passenger left the vehicle through the passenger's side and fled on foot. The patrolman later determined the driver to be Jerry Johnson. Ark. Code Ann. § 5-36-106 (1987), provides that a person commits theft by receiving if he receives, retains or disposes of stolen property of another person, knowing that it was stolen or having good reason to believe that it was stolen. The state offered proof that the appellant was driving the vehicle and that the vehicle showed indications that it was stolen. The steering column was punched out, the passenger window was broken, and the car had no license plate. There was also testimony that the appellant did not have the permission of the owner of the car to be in possession of the car. Upon being pursued by the police car the appellant exited the stolen car, and continued to run for at least a block. That testimony sustains adjudications of delinquency for both theft by receiving and fleeing.

There was an objection by the defense as to the testimony concerning events taking place on October 30, 1991, because the original charging petition alleged that the theft by receiving occurred on October 27, 1991. That date was amended by the state to November 10, 1991. The state then moved at trial to amend the petition dates again and the defense complained that they did not know what to defend against. The state explained that the date of October 27 on the first charging petition was a mistake since the date of the incident was October 30. It was changed to November 10 because that was the date that the juvenile was apprehended. The state argued that, although the date is a necessary element, the events were the most crucial element and that the defendant was on notice to the incident rather than a specific date. The police report of the alleged offense

was dated October 30. The defense attorney declined the court's offer of additional time to confer with his client but stood by his objection. The trial court held that the state would be allowed to amend the charging petition, noting that the defense would not change simply because of the amended date. The appellant has shown no prejudice caused by the amendment.

■   The defense also objected to the relevancy of questions by the state when cross-examining the appellant as to his knowledge of an area of town a couple of blocks from the alleged incident. The defense made a relevancy objection again when the state asked the appellant if he had any friends that were a couple of years older than he was. The court asked him to rephrase the question. The state said that it would demonstrate the relevancy in rebuttal; however, there was no rebuttal. The trial judge determined that the appellant's answer to the question was relevant and could lead to information about the probability of the appellant being in the area. Although it is not clear what the state was attempting to establish, it is clear that the appellant was not prejudiced by the questioning.

From a review of the record and briefs before this court, we find the appeal to be without merit except in the instance noted. Accordingly, counsel's motion to be relieved is granted and the judgment is affirmed in part and reversed and dismissed in part.

Affirmed in part and reversed and dismissed in part.