Evelyn LINDSEY v. STATE of Arkansas

CA CR 95-565                                           925 S.W.2d 441

Court of Appeals of Arkansas
Division II
Opinion delivered July 3, 1996

*William M. Pearson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Evelyn Lindsey was found guilty by a Pope County jury of sexual abuse in the first degree and sentenced to a term of ten years in the department of correction. At trial, the State presented evidence that appellant had sexual contact with her stepdaughters, B.L. and C.L. For reversal, appellant contends that the trial court erred in not granting a directed verdict because jurisdiction was lacking and that the trial court erred in

refusing to admit the testimony of Rennie Bowles, the children's aunt. We conclude that the failure to admit Ms. Bowles's testimony was error and reverse and remand.

■ Arkansas Code Annotated section 5-1-111 (1987) provides that a conviction may not be had unless jurisdiction and venue are proved beyond a reasonable doubt. The statute also provides that "the State is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows that the court lacks jurisdiction or venue." There is a presumption that venue was properly laid. *Higgins* v. *State*, 317 Ark. 555, 879 S.W.2d 424 (1994).

■■ Before the State is called upon to offer any evidence on the question of jurisdiction, there must be positive evidence that the offense occurred outside the jurisdiction of the court. *DeWitt* v. *State*, 306 Ark. 559, 815 S.W.2d 942 (1991). It is generally accepted that if the requisite elements of the crime are committed in different jurisdictions, any state in which an essential part of the crime is committed may take jurisdiction. *Glisson* v. *State*, 286 Ark. 329, 692 S.W.2d 227 (1985). The test is whether the record contains substantial evidence showing that the offense, or elements of it, occurred within the jurisdiction and venue of the court. *See Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978).

■ In the case at bar, B.L. testified that the sexual abuse took place in Russellville. This constitutes substantial evidence that venue was properly laid in Pope County.

At a pretrial hearing under the Rape Shield Statute, Ark. Code Ann. § 16-42-101, appellant called Rennie Bowles, the children's aunt. Ms. Bowles testified:

> I asked B.L. about the accusations she made, and she said that Evelyn made her suck her tits and kiss her private parts. This is the only conversation I had with B.L. I asked her if it was true and she put her head down and started crying. I told her if it is not, you know, tell me the truth, and she said that she lied. I asked her why and she said because she was mad at Evelyn.

The trial court made no ruling at that time on whether the evidence was barred under the Rape Shield Statute.

At trial, appellant called Rennie Bowles as a witness and the court held that the testimony of Ms. Bowles would be barred under

the Rape Shield Statute. The State takes no position as to the propriety of the court's ruling, but contends only that Ms. Bowles's testimony was not properly proffered. Rule 103 of the Arkansas Rules of Evidence provides, in part:

> (a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> . . .
>
> (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
>
> (b) Record of Offer and Ruling. The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may direct the making of an offer in question and answer form.

Rule 102 of the Rules of Evidence provides that the rule shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence, to the end that the truth may be ascertained and proceedings justly determined.

■■ A proffer is required for two reasons: first, so that the trial court may be aware of the nature of the evidence; and second, to enable the appellate court to decide whether the evidence should have been admitted and, if so, whether the error in excluding it may have been harmless. In the case at bar, when the record is viewed in context, it is clear that the trial court and counsel knew exactly what testimony they were talking about when the court made its ruling. Ms. Bowles's proposed testimony was already in the record and there was no need, under the circumstances, to repeat it. In the language of the rule, the substance of the evidence was apparent and the proffer was adequate.

The Rape Shield Statute, Ark. Code Ann. § 16-42-101 (Repl. 1994), provides in pertinent part:

> (b) In any criminal prosecution under §§ 5-14-102 — 5-14-110, or for criminal attempt to commit, criminal solicitation

to commit, or criminal conspiracy to commit an offense defined in any of those sections, opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegations is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

■ The statute simply has no application to a prior inconsistent statement made by the victim as to the offense charged. Ms. Bowles's testimony that the victim recanted was clearly relevant for impeachment purposes and should have been admitted. Finally, given the critical nature of B.L.'s testimony, we cannot say that the error was harmless.

For the reasons stated this case is reversed and remanded to the trial court for a new trial.

Reversed and remanded.

ROGERS and GRIFFEN, JJ., agree.