Stephen McKENZIE *v*. STATE of Arkansas

CA CR 99-471                                     12 S.W.3d 250

Court of Appeals of Arkansas
Division IV
Opinion delivered February 23, 2000

*David W. Talley, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kelly S. Terry*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. Stephen McKenzie was arrested on November 5, 1997, and charged with the offense of aggravated robbery. He filed a pretrial motion to suppress evidence, alleging that his detention and questioning by police officers, and the resulting seizure of items from his person, was unconstitutional and prohibited by Arkansas Rules of Criminal Procedure. The trial court denied the motion after conducting a hearing. Mr. McKenzie subsequently was tried by a jury, found guilty, and sentenced to ten years in the Arkansas Department of Correction. On appeal he contends that the trial court erred 1) in denying his motion to suppress, and 2) in allowing certain testimony into evidence at trial over his hearsay objection. We find no error and affirm.

### Denial of the Motion to Suppress

Appellant claims on appeal, as he did below, that the money seized from his pocket should have been suppressed because the search exceeded the scope of a lawful protective frisk authorized by *Terry v. Ohio*, 392 U. S. 1, 30 (1968). The trial court ruled that the seizure exceeded the boundaries of *Terry* but found there to be little doubt that appellant would have been taken to the police station and that inevitably the money would have been discovered through

a proper search. The State counters that the *Terry* argument is unavailing and need not be addressed because the police had reasonable cause to arrest him and to conduct a lawful search incident to arrest. We agree with the State.

██ We will affirm a trial court if it reaches the right result, but gives a different reason for doing so. *Kimery v. State*, 63 Ark. App. 52, 973 S.W.2d 836 (1998). Under Arkansas Rule of Criminal Procedure 4.1(a)(1), a law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that the person has committed a felony. Arkansas Rule of Criminal Procedure 12.1 states in subsections (a) and (d) that an officer who is making a lawful arrest may, without a search warrant, conduct a search of the person or property of the accused in order to protect the officer, the accused, or others; or to obtain evidence of the commission of the offense for which the accused has been arrested or to seize contraband, the fruits of crime, or other things criminally possessed or used in conjunction with the offense. A search incident to a lawful arrest is valid even if conducted before the arrest, provided that the arrest and search are substantially contemporaneous and that there was probable cause to arrest prior to the search. *Brunson v. State*, 327 Ark. 567, 940 S.W.2d 440 (1997).

██ Reasonable cause to arrest without a warrant does not require the degree of proof sufficient to sustain a conviction. *E.g., Hudson v. State*, 316 Ark. 360, 872 S.W.2d 68 (1994). Reasonable, or probable, cause for a warrantless arrest exists when the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person to be arrested. *Id.* The reviewing court makes an independent determination of a trial court's suppression ruling based on the totality of the circumstances, reversing only if the trial court's ruling was clearly against the preponderance of the evidence. *Id.* In assessing the existence of reasonable cause, the appellate court's review is liberal rather than strict. *Id.*

Testimony by officers of the Camden Police Department related the following sequence of events on the night appellant was arrested. Officer John Schofer was parked in his police car beside Sgt. Chris Wages's car around 1:30 a.m. They were approached by Michael Bates and Michael Leatherwood, who reported they had just been robbed about two blocks away. They described the rob-

bers as two black males, one heavy-set and wearing a green jacket with dark pants, the other wearing white pants and a dark tee-shirt. The victims said that they had given the men a ride after being flagged down at a stoplight on Grinstead Street; that the robbery occurred after the men got out at Grinstead and Church Streets; that one of the men (later identified as appellant) pointed a revolver at Bates's head and asked if he had money; and that Bates gave them a $100 bill, a $5 bill, and two $1 bills for a total of $107.

Schofer stayed with the victims to get more information. He broadcast the clothing descriptions and bill denominations, while Wages began looking for the suspects. At a vacant house a block from the site of the robbery, Wages observed two black men wearing clothes that fit the description given by the victims. Shortly thereafter, when Sgt. Demoyne Gray arrived to assist because a weapon was involved, the two were crossing Grinstead Street with companions. The officers stopped the men, advised them that they were possible suspects for aggravated robbery, and conducted a pat-down search. Gray found $107 in denominations of $100, $5, and two $1s on the suspect later identified as appellant. Appellant and another suspect were arrested and taken to the station for identification after officers determined that the denominations of the money taken from appellant were the same as those taken in the robbery.

Here, the police had reasonable cause to believe that appellant had committed a felony at the time he was first detained. The fact that appellant matched the description of one of the robbers, and the fact that he was seen within a block of the scene of the robbery within minutes of its commission provided Sgt. Gray and Sgt. Wages with reasonable cause to believe that appellant had committed the crime. Because the officers had reasonable cause to arrest appellant, they also had authority to search appellant's person for evidence of the robbery, weapons, and contraband. As appellant was arrested within minutes of the search, the fact that the search preceded appellant's arrest does not render the search invalid because the search and arrest were substantially contemporaneous and because there was probable cause to arrest prior to the search. Thus, we hold that the search was lawful as incident to arrest and that the motion to suppress was properly denied.

## The Hearsay Objection

At trial, Gray testified that less than half an hour after stopping the suspects and transporting them to the police station, he and Wages went back to search for weapons in a vacant house on Union Street where individuals "had been observed on the porch." Appellant objected to testimony as hearsay. The trial court overruled appellant's hearsay objection, and Gray testified further that the house was about half a block from the reported location of the robbery, that he and Wages searched the house, that no one else was there, and that Wages found a loaded .22 caliber weapon, which he immediately showed to Gray.

█ Hearsay is defined by Ark. R. Evid. 801(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." An out-of-court statement is not hearsay, however, if it is offered to show the basis of an officer's actions. *Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997). The *Bragg* decision included the following discussion of other cases where officers testified about information from other sources:

> In *Martin v. State*, 316 Ark. 715, 875 S.W.2d 81 (1994), . . . the officer testified to information he had received from an informant, who had wished to remain anonymous, concerning the identity of a robbery suspect's truck, upon which he had relied in broadcasting a description to other police units. The officer testified further that his broadcast alerted another officer to the suspect truck, which, in turn, caused that second officer to inform a third officer to be on the lookout for the truck. This court held that because the first officer's testimony was provided in order to show the basis for his actions, the trial court did not err in admitting the testimony.

> Similarly, in *Hamm v. State*, 304 Ark. 214, 800 S.W.2d 711 (1990), the alleged hearsay testimony involved an officer's receipt of information from other officers regarding the description of an automobile. This court upheld the admission of the officer's testimony, as it was merely offered to show that the officer acted on the description of the car given to him by the other officers.

> In *Johnson v. State*, 313 Ark. 308, 854 S.W.2d 336 (1993), the defense made a hearsay objection when the police officer testified concerning information received from a citizen. This court found

> no error since the officer's testimony was not offered for the truth of the citizen's statement, but, instead, was offered to show what information the police acted upon.

328 Ark. at 623-24, 946 S.W.2d at 660.

■ In the present case, appellant contends that the trial court erred in permitting Sgt. Gray to testify at trial that appellant had been observed on the porch of the vacant house. Appellant asserts that Gray's testimony was hearsay because he was not the person who had actually seen appellant there. His argument fails. In line with the cases above, we hold that Gray's testimony that appellant had been seen on the porch of the vacant house was not hearsay because it was offered not for its truth, but to show why the officer and Wages returned to the house and searched after appellant's arrest.

Affirmed.

ROBBINS, C.J., and ROAF, J., agree.