Travis HILL *v.* STATE of Arkansas

CA CR 00-1134                                        45 S.W.3d 406

Court of Appeals of Arkansas
Division II
Opinion delivered May 16, 2001

*Evans & Evans Law Firm*, by: *James E. Evans, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. A jury sitting in the Washington County Circuit Court convicted the appellant, Travis

Hill, of two counts of rape and three counts of sexual abuse in the first degree. The trial court sentenced him to twenty-nine years' imprisonment in the Arkansas Department of Correction. On appeal, appellant argues that the trial court erred by refusing to allow him to present testimony of the victim's family regarding prior allegations of sexual conduct. We find no error and affirm.

On November 13, 2000, appellant was charged with three counts of rape and three counts of sexual abuse of his daughter, occurring between 1995 and 1999. During the trial, the circuit court refused to allow the victim's mother and grandmother to testify about the victim's prior inconsistent statements concerning events occurring within the four-year period. The defense argued that the prior inconsistent statements were offered to rebut the credibility of the victim. The victim's mother and grandmother sought to testify that the victim had accused other men, rather than her father, of perpetrating sexual abuse upon her. The lower court would not allow the testimony because it characterized the testimony as hearsay. After the circuit court made its ruling, defense counsel proffered the victim's mother's testimony.

We believe that the proffered testimony would have violated Arkansas's rape-shield statute contained in Ark. Code Ann. § 16-42-101 (Repl. 1999). The statute makes inadmissible:

> evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegation[.]

Ark. Code Ann. § 16-42-101(b). The defendant is precluded from eliciting such testimony "through direct examination of any defense witnesses or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose." *Id.*

The rape-shield statute is not a total bar to evidence of a victim's sexual conduct but instead makes its admissibility discretionary with the trial judge pursuant to the procedures set out at Ark. Code Ann. § 16-42-101(c)(1-3). *Gaines v. State*, 313 Ark. 561, 855 S.W.2d 956 (1993). Subsection (c) of the statute provides that evidence of a victim's prior sexual conduct may be admitted if its relevancy is determined in accordance with the provisions found in the subsequent subsections. Subsection (c)(1) requires a written

motion to be made by the defendant wishing to present such evidence, and subsection (c)(2) provides for a subsequent hearing on the motion to be held *in camera*. Upon motion of the defendant in *Lindsey v. State*, 54 Ark. App. 266, 925 S.W.2d 441 (1996), the trial court properly held a pretrial hearing to decide whether certain testimony was barred under the rape-shield statute. Here, however, appellant did not file any such written motion, so the trial court held no separate hearing, and thus the provisions of the statute were not invoked.

■ ■ We are convinced that the testimony proffered was properly excluded as appellant failed to make a written motion below pursuant to Ark. Code Ann. § 16-42-101(c). Even though the circuit court did not rely on the rape-shield statute when making its ruling, this court will affirm a trial court's decision if it reached the right result but for a different reason. *McKenzie v. State*, 69 Ark. App. 186, 12 S.W.3d 250 (2000).

Affirmed.

ROBBINS and VAUGHT, JJ., agree.