LARRY D. VAUGHT, Judge
Appellant Jarmall Kelley appeals his conviction by a Jefferson County Circuit Court jury of residential burglary, aggravated assault, theft by receiving, and interference with custody. We have twice previously ordered rebriefing. Kelley v. State , 2018 Ark. App. 299, 2018 WL 2123795 ; Kelley v. State , 2018 Ark. App. 448, 2018 WL 4609234. Kelley's appointed counsel has filed a no-merit brief and a motion to be relieved pursuant to Rule 4-3 of the Rules of the Arkansas Supreme Court and Court of Appeals and Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which complies with our rules. Kelley has again been notified of his right to file pro se points and has not done so. After reviewing counsel's brief and the record of proceedings before the circuit court, we affirm Kelley's conviction and grant counsel's motion to withdraw.
A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Id. This framework ensures that indigents are afforded their constitutional rights. Leaks v. State , 2018 Ark. App. 361, 553 S.W.3d 768. In furtherance of the goal of protecting these constitutional rights, it is the duty of both counsel and this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. Id.
As we explained in Kelley , 2018 Ark. App. 299, this case stems from an altercation between Kelley and Ariel Crompton, the mother of his child, in which Kelley entered Ariel's apartment and forcefully took the child against Ariel's will. Ariel's father, Clifton Crompton, then approached Kelley outside the apartment, and he testified at trial that Kelley pulled out a gun, waved it around while holding the child, and told Clifton that he would shoot him if Clifton tried to stop Kelley from taking the child. Clifton testified that Kelley's threats caused Clifton to stop trying to retrieve the child because to do so would "put everybody else in danger."
In compliance with the directives of Anders and Rule 4-3(k)(1), Kelley's counsel *803 has thoroughly reviewed the record in this case and has found no error that would support an appeal. As required by Rule 4-3(k), the reasons the adverse rulings provide no meritorious grounds for appeal are discussed in the brief. Counsel has abstracted and briefed all adverse rulings, which included adverse rulings during jury selection, adverse evidentiary rulings, the denial of the directed-verdict motion, and the order revoking Kelley's bond.
The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. House v. State , 2015 Ark. App. 280, 2015 WL 1954057. Based on our independent review of the record and the brief presented, we hold that counsel has complied with Rule 4-3(k) and that there would be no merit to an appeal. A person commits residential burglary if "he or she enters or remains unlawfully in the residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment." Ark. Code Ann. § 5-39-201 (Repl. 2013). A person commits interference with custody if "without lawful authority he or she knowingly takes, entices, or keeps, or aids, abets, hires, or otherwise procures another person to take, entice, or keep any minor from the custody of (1) the parent of the minor including an unmarried woman having legal custody of an illegitimate child under 9-10-113." Ark. Code Ann. § 5-26-503(a)(1) (Repl. 2013). We agree with counsel that the trial testimony of both Lakeada Doolittle and Brittany Doolittle that Kelley forced open the door of Ariel's apartment and took Ariel's child against Ariel's will provides sufficient evidence to support Kelley's convictions for residential burglary and interference with custody.
A person commits theft by receiving if he or she receives, retains, or disposes of stolen property of another person. Ark. Code Ann. § 5-36-106 (Repl. 2013). Here, Paul Brown testified that he is a manager at Hunter's Refuge and that at least sixty firearms had been stolen in a recent burglary. He identified a pistol recovered from Kelley as being one of the guns stolen from his store, and he testified that it was valued at approximately $ 600. Officer Corquis Chism testified that he discovered the pistol under the passenger-side dashboard of a car in which Kelley was riding in the passenger seat. Officer John Zuber testified that Kelley admitted purchasing the pistol from an acquaintance. The officer also verified that the pistol was one of the firearms stolen from Hunter's Refuge. We therefore agree with counsel that there was sufficient evidence to support Kelley's conviction for theft by receiving of a firearm less than $ 2500.
A person commits aggravated assault if "under circumstances manifesting extreme indifference to the value of human life, he or she purposely: (1) engages in conduct that creates a substantial danger of death or serious physical injury to another person." Ark. Code Ann. § 5-13-204 (Repl. 2013). Again, we agree with counsel that sufficient evidence supports this conviction. Both Clifton Crompton and Lakeada Doolittle testified that Kelley pulled out a gun and waved it at Clifton when Clifton tried to stop Kelley from taking the child. Clifton testified that Kelley threatened to shoot him. In Johnson v. State , 132 Ark. 128, 130, 200 S.W. 982, 982 (1918), the Arkansas Supreme Court held that the act of drawing a pistol accompanied by threats evidencing an intention to use it on the person threatened constitutes assault.
We also agree that there would be no merit to an appeal regarding the circuit court's adverse jury-selection rulings. Kelley objected to a juror's being removed after she disclosed medical issues and expressed *804 an inability to judge others. The court struck her for cause. Kelley also objected to the court's decision to seat a potential juror who had a commitment that would require him to leave by a certain time that afternoon. Kelley worried that the jury would feel rushed to make a decision. The court seated the juror but also put alternates in place in case he had to leave before the case was decided. In both cases, we see no abuse of discretion and agree that the facts present no meritorious ground for appeal. See Biggers v. State , 317 Ark. 414, 878 S.W.2d 717 (1994).
The next adverse ruling was the court's decision to admit into evidence audio recordings of three 911 calls related to the incident. Kelley objected, arguing that the calls were hearsay without the callers present to testify. The State argued that they were admissible as business records or as present-sense impressions. The court admitted the recordings, and we agree that they were admissible as present-sense impressions under Rule 803 of the Arkansas Rules of Evidence. Under Rule 803, a present-sense impression is a statement describing or explaining an event or condition made while the declarant was perceiving it or immediately thereafter. Ark. R. Evid. 803(1). The 911 calls in this case were made by a female caller who had just witnessed an incident in which Kelley had taken the baby by force using a gun and had driven away in a vehicle that she was following. We agree that these statements qualify as present-sense impressions, admissible under Rule 803.
We also note that Arkansas courts have admitted 911 recordings as excited utterances under Rule 803(2). An excited utterance is a statement about a startling event or condition that is made while the speaker is under the stress or excitement caused by that event or condition. Ark. R. Evid. 803(2). We have reviewed the 911 calls at issue in this case and agree that they were admissible as either present-sense impressions or excited utterances and that there is no meritorious basis for an appeal as to the court's admission of the recordings.
The court then overruled Kelley's objection to a question that Kelley's counsel mistakenly believed would elicit hearsay testimony. The State asked Clifton Crompton whether he had talked to his daughter about the case. Defense counsel objected on hearsay grounds, and defense counsel clarified that he was not asking Clifton what Ariel had said in any such conversation, just whether they had talked about coming to court. The court overruled the objection, and we agree with counsel's analysis that the hearsay objection was premature and that the question did not elicit impermissible hearsay testimony.
The court also sustained the State's objections to defense counsel's comments characterizing a scene from a security-camera video as either a "confrontation" or an "extended conversation," directing defense counsel to simply question the witness. This adverse ruling presents no meritorious basis for an appeal because an attorney may not testify, Arthur v. Zearley , 320 Ark. 273, 895 S.W.2d 928 (1995), and the circuit court may exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence in order to make it as effective as possible in assisting the jury in ascertaining the truth. Ark. R. Evid. 611.
Finally, the court granted the State's motion to revoke Kelley's bond when the State presented evidence that Kelley had been charged with a new offense while out on bond. A circuit court has wide discretion in assuring the appearance of a defendant for trial, and Rule 9.6 of the Arkansas Rules of Criminal Procedure allows the court to revoke a defendant's release if any *805 court has found reasonable cause to believe that the defendant has committed a felony while released pending adjudication of a prior charge. Accordingly, the revocation of Kelley's bond presents no meritorious ground for an appeal.
We are satisfied that counsel has fully complied with Anders and Rule 4-3(k)(1). We therefore affirm the convictions and grant counsel's motion to withdraw.
Affirmed; motion to withdraw granted.
Gladwin and Glover, JJ., agree.