Cite as 2021 Ark. App. 1

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–19–914

| | |
|---|---|
| | **Opinion Delivered** January 13, 2021 |
| SHYKEEN DANIELS | |
| APPELLANT | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT |
| V. | [NO. 47BCR-14-231] |
| STATE OF ARKANSAS | HONORABLE CINDY THYER, |
| APPELLEE | JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Chief Judge

The Mississippi County Circuit Court found that Shykeen Daniels had violated the terms and conditions of his probation and sentenced him to ten years' imprisonment. On appeal, Daniels's counsel argues that there are no meritorious grounds for appeal and asks for permission to withdraw as counsel. We grant the motion to withdraw and affirm the judgment.

In November 2016, Daniels pled no contest to a charge of attempted robbery and was sentenced to three years' probation. The conditions of his probation required that Daniels not commit a criminal offense punishable by imprisonment, not possess or use controlled substances, not own or possess a firearm, and not associate with any person convicted of a felony. He was ordered to report as directed to his supervising officer and to notify his supervising officer in advance of any change of address. He was also ordered to pay all costs and fees assessed by the circuit court as well as a monthly supervision fee.

In February 2018, the State petitioned to revoke Daniels's probation, alleging that he

had violated the terms and conditions of his probation by failing to pay supervision fees, failure to report, failure to pay court fines and costs, and testing positive for drugs. The State filed several amended petitions. The effort culminated in a final, fourth amended petition that was filed in August 2019. The fourth amended petition alleged a flurry of violations: Daniels had violated the conditions of his probation by failing to pay fines, costs, and fees; he failed to pay probation fees; failed to appear in the circuit court; failed to report to his probation officer as directed; received positive drug screens; moved without reporting his new address to his probation officer; associated with a known felon; and committed numerous felony offenses, including first-degree battery, possession of a controlled substance, possession of a firearm by certain persons, theft by receiving, and fleeing.

At the revocation hearing, Marsha Robinson, a bookkeeper for the Mississippi County Sheriff's Department, testified that Daniels had made no payments toward his court-ordered fines, fees, and costs and owed $1100. Daniels's supervising officer, Heather Godair, testified that Daniels had paid some supervision fees but currently owed $250. She said that Daniels was neither a full-time student nor a full-time employee during his time on probation. Godair also stated that Daniels had last updated his address in January 2018; but when she conducted a home visit in July 2018 after Daniels's failure to report to her, she discovered he did not reside at that address. She testified that Daniels had not reported to her since 20 February 2018.

Godair also explained that Daniels had numerous positive drug screens during the time he was reporting; between January 2017 and January 2018, he tested positive for cocaine, marijuana, benzodiazepines, barbiturates, and methamphetamine. She also said that Daniels had been arrested on three felony offenses but had not notified her of his arrests as required by the terms of his probation.

Joshua Murray, an officer with the Blytheville Police Department, testified that on 6 April 2018, the department received a report of someone firing or brandishing a firearm from a vehicle. Murray said that he and other officers conducted a traffic stop of the suspected vehicle and that he observed an individual, later identified as Daniels, exit the vehicle and run away. Murray chased Daniels, who took off his jacket and threw it on the ground while running. Daniels then fell, and Murray took him into custody. Murray said that a firearm had been found in Daniels's discarded jacket.

Michael Dannar, also an officer with the Blytheville Police Department, testified that on 25 October 2018, he responded to a report of shots fired. An Entergy employee told Dannar that he had heard gunshots at a residence down the street and observed a black male placing a firearm inside a vehicle. Dannar looked in the vehicle and saw a firearm partially obscured under the front seat. He also saw broken glass and shell casings outside a window at the residence. Three individuals eventually emerged from the residence, including Daniels. Another officer testified that in addition to the firearm inside the vehicle, five firearms were found inside the residence.

At the close of the evidence, defense counsel conceded evidence of nonpayment but argued there was insufficient evidence to support other bases for revocation. Counsel requested that the circuit court consider reinstating Daniels's probation. The court denied that request. The court ultimately determined that Daniels's probation was revoked for nonpayment of fines, costs, and fees; testing positive for controlled substances; failing to report to his probation officer as required; failing to report an address change as required; and committing new offenses, specifically fleeing. The court sentenced Daniels to ten years' imprisonment, and this appeal followed.

Daniels's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k) (2020), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit for an appeal. Daniels was notified, via certified mail, of his right to file pro se points for reversal but has not done so. The State has not filed a brief.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4–3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* In furtherance of protecting the constitutional rights of an appellant, it is the duty of both counsel and this court to perform a full examination of the proceedings to determine if an appeal would be wholly frivolous. *Walton v. State*, 94 Ark. App. 229, 228 S.W.3d 524 (2006).

In probation-revocation proceedings, the State has the burden of proving that a probationer violated the terms of his or her probation as alleged in the revocation petition by a preponderance of the evidence, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Dawson v. State*, 2016 Ark. App. 558. The State need only show that the appellant committed one violation in order to sustain a revocation. *Id.*

Counsel first explains that there was sufficient evidence to support the revocation. The evidence showed that Daniels had made no payments on his court-ordered fines, fees, and costs, and he was delinquent on his probation fees. When the alleged probation violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was

4

inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Webster v. State*, 2019 Ark. App. 454, 588 S.W.3d 95. Here, Daniels did not offer any evidence of a reasonable excuse for his failure to pay. Therefore, the circuit court did not clearly err in finding that he had violated the conditions of his probation. Because only one violation is required to support a revocation, we need not discuss the other grounds for revocation that were cited by the court. *Ferguson v. State*, 2016 Ark. App. 4, 479 S.W.3d 588.

Next, counsel discusses an exchange between Daniels and the court that occurred at the beginning of the hearing. Daniels told the court that he did not feel adequately represented by his attorney and that he had been unable to talk to his attorney about subpoenaing certain witnesses. Defense counsel said that he and Daniels had several "substantial" conversations leading up to the hearing, including a conversation that lasted over an hour four days previously, and that Daniels had not mentioned any witnesses he wished to be subpoenaed. The court interpreted Daniels's argument as a request for a continuance and denied it.

Counsel explains that a continuance will be granted only upon a showing of good cause, and a denial of a continuance will not be reversed unless the defendant can demonstrate prejudice from the denial. *Davis v. State*, 318 Ark. 212, 885 S.W.2d 292; Ark. R. Crim. P. 27.3 (2020). Counsel provides no further argument; but the inference is that Daniels can show neither good cause for the continuance nor prejudice from the denial. While we caution counsel against such brevity in no-merit briefs in the future, we agree that an appeal of this adverse ruling would be wholly without merit.

Finally, counsel addresses a hearsay objection that was decided adversely to Daniels. During Dannar's testimony, he began to testify as to what the Entergy employee told him, and

5

defense counsel objected on hearsay grounds. The court ruled that the testimony was offered to explain why the officer was responding to that area and not for the truth of the matter asserted, so the objection was overruled.

On appeal, counsel states that an out-of-court statement is not hearsay if it is offered to show the basis of a person's actions. *McKenzie v. State*, 69 Ark. App. 186, 12 S.W.3d 250 (2000). We agree that this adverse ruling would not provide a meritorious basis for an appeal, although we again caution counsel to expound on his arguments in future appeals.

To conclude, we hold that an appeal in this case would be wholly frivolous, and we grant the motion to withdraw and affirm the circuit court's judgment.

Affirmed; motion to withdraw granted.

GLADWIN and BROWN, JJ., agree.

*Rodney Chedister*, Deputy Public Defender, for appellant.

One brief only.